### CONVERSE v. STEWART.

(Supreme Court, Appellate Division, First Department.   June 23, 1905.)

**1. STOCKHOLDERS' LIABILITY—NONRESIDENTS—JUDGMENT—CONCLUSIVENESS.**

A receiver of a Minnesota corporation cannot enforce by suit a liability against a nonresident stockholder for an assessment levied on stock of the corporation by judgment of a court of that state under Const. art. 10, § 3, making a stockholder liable to the amount of stock held and owned by him, and Laws Minn. 1899, p. 315, c. 272, providing for the better enforcement of the liability of stockholders of corporations, where such stock-

holder was never a resident of Minnesota, and was not a party to and did not appear in any of the proceedings resulting in the appointment of the receiver or in imposing the assessment.

**2. SAME—PARTIES.**

In a proceeding by a receiver of a Minnesota corporation seeking to enforce a liability against stockholders by reason of his succeeding to the rights of the corporation under Laws Minn. 1899, p. 315, c. 272, providing for the better enforcement of the liability of stockholders, the corporation was an adverse party to the stockholders against whom the liability was sought to be enforced, and the court did not acquire jurisdiction of the stockholders by making the corporation a party.

Appeal from Judgment on Report of Referee.

Action by Theodore R. Converse, as receiver of the Minnesota Thresher Manufacturing Company, against John A. Stewart. From a judgment for plaintiff entered on report of a referee, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward R. Sheldon, for appellant.
William G. Wilson, for respondent.

INGRAHAM, J. The facts are not disputed, and the question presented depends upon the liability of the defendant for an assessment levied upon certain stock of a Minnesota corporation by a judgment or order of the courts of that state. In considering this question, it must be borne in mind that the defendant is a resident of the state of New Jersey, with a place of business in the state of New York; that he is not, and never has been, a resident of or domiciled in the state of Minnesota, and was not a party nor did he appear in any of the proceedings in the courts of that state which resulted in the appointment of the receiver, or in imposing the assessment upon the owners or holders of the stock of this corporation, of which the plaintiff was appointed receiver. The learned referee found that on May 12, 1882, a corporation known as the Northwestern Manufacturing & Car Company was incorporated under the laws of Minnesota. The operations of this company were not successful, and subsequently a receiver of its property was appointed by the courts of that state. On the 15th of December, 1884, the Minnesota Thresher Manufacturing Company was incorporated under the laws of Minnesota. One of the purposes of the corporation was "the purchase of the capital stock, evidence of indebtedness issued by it, and the assets of the North Western Manufacturing and Car Company." The thresher company subsequently purchased the assets of the car company from the receiver. On February 17, 1887, the directors of the thresher company passed a resolution refusing to issue any further stock in exchange for the stock of the car company, except for the preferred stock of the car company, which had been placed in the hands of three trustees appointed by the executive committee of the thresher company, with power to hold, control, and vote the stock for the period of five years. The executive committee then appointed the trustees to act under this resolution. The defendant Stewart was the owner of 400 shares

of the preferred stock of the car company, which in December, 1886, he delivered to the trustees, at the same time signing an agreement by which this stock of the car company was assigned to the trustees, to be held for the period of five years from January 1, 1887, "with all the rights and powers relating to said stock, including the right to vote thereon as if the said trustees were the absolute owners thereof." This agreement also contained a provision which authorized the trustees to exchange the said preferred stock of the car company or any part thereof, for an equal number of shares of the common stock of the thresher company, or share for share for the common stock of any new company that may be formed during said five years for the purpose of carrying on the business of the car company; the said stock, when received in exchange, to be held upon the same terms, subject to and with all the rights and powers, including the right of voting thereon, as the preferred shares thereby assigned were held. At the end of five years the trustees were to assign to the signers of the agreement the number of shares of said preferred stock thereby assigned by the signer, or an equal number of shares of the common stock of said new or other company for which it may have been exchanged by the trustees. The trustees, immediately upon the receipt of the stock of the car company from the defendant, transferred it to the thresher company, and received in lieu thereof 400 shares of the common stock of that company. The referee found that the defendant received no notice of the exchange of this stock for the thresher company stock, and had no knowledge of the exchange prior to January 1, 1903, and that the defendant made no demand for the return of this stock, and made no inquiry about it, because he believed his investment therein had proved a total loss; that the defendant had no knowledge that the stock of the car company had been exchanged from the stock of the thresher company, or that he was entitled to any stock in that company, and had exercised no right of ownership of the stock of either corporation, and had abandoned the right to claim the stock of the car company, or any interest therein. The referee, in his opinion, states that upon the expiration of this period of five years the trust expired, and the defendant forthwith became immediately entitled to the stock, and became its beneficial owner in the corporation; that from that time there was no relation of trust, but that the former trustees held the stock as the agents of the defendant. If this be the correct position, it would seem that the right or ownership of the defendant in this stock would terminate when he lost the right to recover this stock. He never knew that he was entitled to the stock, never was the legal owner of it, and whatever right he had to receive it had been lost by his making no claim for it. He certainly could not be held to be the owner of the stock when he had lost his right to it.

It also further appeared that on May 6, 1901, a judgment was recovered against the thresher company by the Merchants' National Bank of St. Paul, and that on August 6, 1901, a judgment was entered in the district court of Minnesota sequestrating the property of the thresher company, and appointing the plaintiff herein as the

receiver thereof; and upon this receiver there was conferred the power to enforce the collection of any assessments or stockholders' liability either in the courts of Minnesota or in the courts of any other state or territory. The plaintiff duly qualified as such receiver, and entered upon the discharge of his duties as such. On the 16th of April, 1902, the plaintiff, as receiver, presented a petition to the district court praying that said court by order or judgment direct or levy a ratable assessment upon the parties liable as stockholders of the thresher company for such amount, proportion, or percentage of the liability for debt on account of each share of stock as the court should deem proper, in conformity with the provisions of the act of the state of Minnesota passed in the year 1899. On December 22, 1902, an order or decree in said action was entered whereby it was ordered and adjudged that an assessment of 36 per cent. of the par value of each share of the capital stock of the thresher company, to wit, the sum of $18 on each share, should be assessed on each and every share of capital stock, and upon and against the "person, corporation or party liable as such stockholder" of the thresher company, and that each and every person liable as such stockholder was directed to pay to the receiver the sum of $18 for and on account of each and every share for or upon which said person was liable as a shareholder in the said thresher company. The plaintiff, as receiver, gave notice of said order or decree by mailing notices thereof to every stockholder of record of the thresher company, and this notice was received by the defendant on or about January 1, 1903.

The referee found as a fact that the defendant prior to January 1, 1903, had no knowledge or notice of the proceedings in the district court of Washington county, Minn., in which the plaintiff was appointed receiver of the thresher company, in which an assessment was levied upon its stockholders, and that he was not within the jurisdiction of the said district court; that said assessment was made upon the finding of said court that the holders of 18,301 shares of the preferred stock of the said corporation, of about 9,877 shares of the common stock, and the beneficial holders of 3,548 shares of common stock included in certain common stock standing in the name of the trustees, were financially able to pay such assessment, and that upon these solvent stockholders there was levied an assessment sufficient to pay all the debts of the corporation; that such assessment was also levied to meet a very considerable expense which the plaintiff had theretofore incurred in many states, and a large amount of anticipated additional expenses to be incurred by him in enforcing such assessment in many different states, and in many different counties of such different states, as against the solvent stockholders, as well as the general expenses of the receivership; that, for the purposes of meeting the expenses of the plaintiff's receivership, the amount realized from said assessment was increased by about $127,315.83 more than the outstanding total indebtedness of the said corporation.

There was no finding by the learned referee as to the amount of the indebtedness of the thresher company, or the actual amount of

a ratable assessment upon this stock which had been held for the plaintiff. The liability of the defendant is based entirely upon the force of the adjudication of the Minnesota court imposing the assessment as binding on the defendant, and the learned referee has held, as a conclusion of law, that the defendant is liable as a stockholder of the thresher company for the amount of the said assessment of $18 per share upon 400 shares of the common stock of that company. In his opinion he stated that the defendant, as a stockholder, was concluded by the judgment of the court in the proceeding against the corporation; that in such corporate matters he was in fact represented by the corporation, and, in law, bound as a privy.

To this conclusion of the learned referee I do not agree. The liability of a stockholder of a Minnesota corporation is based upon the provisions of section 3 of article 10 of the Constitution of that state, which is as follows: "Liabilities of Stockholders. Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him"—and upon the provisions of chapter 272, p. 315, of the Minnesota Laws of 1899, which is entitled "An act to provide for the better enforcement of the liability of stockholders of corporations." This latter act provides that the court, upon the petition of a receiver of such a corporation, and upon proof by affidavit or otherwise as to the probable indebtedness of the corporation, and the expenses of such assignment or receivership, and the probable amount of assets available for the payment of such indebtedness and expenses, may by order direct and levy a ratable assessment upon all the parties liable as stockholders, or upon or on account of any stock or shares of said corporation, for such amount, proportion, or percentage of the liability upon or on account of each share of said stock as the court, in its discretion, may deem proper (taking into account the probable solvency or insolvency of stockholders, and the probable expenses of collecting the assessment), and shall direct the payment of the amount so assessed against each share of said stock to the assignee or receiver within such time thereafter as said court may specify in said order. And the act further provides that such order and the assessment thereby levied shall be conclusive upon and against all parties liable upon or on account of any stock or shares of said corporation, whether appearing or represented at said hearing, or having notice thereof, or not, as to all matters relating to the amount of and the propriety of and necessity for the said assessment. There is no other statute of the state of Minnesota which imposes any liability upon stockholders in corporations for the debts of the corporations. It will be noticed that this provision of the Constitution does not expressly impose upon the stockholders of a corporation a liability for the debts of the corporation, nor does it state for whose benefit the liability is imposed. A stockholder in a corporation shall be liable for the amount of stock held or owned by him, and it was this liability that the defendant assumed when he became a holder or owner of stock in this corporation. The extent of liability being indefinite, the object

for which it was imposed not being stated, and the person to whom or for whose benefit it was imposed not being specified, certainly, before that liability could be enforced, the person seeking to enforce it was bound to prove in an action to which the defendant was a party the facts and circumstances which entitled him to enforce it. The defendant, not being a resident of the state of Minnesota, and not being subject to its laws, cannot be made liable by a statute of that state without the judgment of a court of competent jurisdiction in an action or proceeding to which he was a party. I do not think it could be said that he was represented by the corporation who was a party to that proceeding. The liability sought to be enforced was not a liability to the corporation, or because of any contract, express or implied, that he had made with the corporation. The liability may be said to be contractual in its character, the obligation being assumed when a stockholder acquired stock in the Minnesota corporation. The corporation of which he was a stockholder was not his representative or trustee in relation to this liability, nor, as I understand it, was the plaintiff's right to enforce the obligation acquired by reason of any assignment or transfer by the corporation. The plaintiff seeks to enforce an obligation, contractual in its nature, which a stockholder assumed by becoming the owner or holder of stock in the corporation, for the benefit of the creditors of the corporation. The receiver's right to enforce that liability, as I understand it, depends upon his representing the creditors of the corporation, and acting as trustee for them, and not by virtue of any right he acquired from the corporation. But assuming that the receiver became entitled to enforce the obligation by reason of his succeeding to the rights of the corporation, the corporation was then an adverse party to the stockholders against whom the liability was sought to be enforced, and the court certainly could not acquire jurisdiction as against the stockholder by making the adverse party a party to the proceeding.

It seems to me that a stockholder against whom such a liability is sought to be enforced is entitled to his day in court, and to insist that the facts upon which the liability is sought to be enforced shall be established by competent evidence, as against him, in an action to which he is a party, and where the court seeking to enforce the liability has jurisdiction over him. And this has been recognized by the Court of Appeals in Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725. That action was brought to recover the amount due from a stockholder of a bank incorporated under the laws of the state of Washington, for an equal and ratable proportion of an alleged deficiency claimed to be due from the defendant on account of his ownership of 65 shares of the capital stock of the said bank; and, in speaking of such an action, Judge Vann says:

"The stockholders, however, may controvert in our courts all the essential facts, such as insolvency, the amount of the deficiency, and the like, whether they are established by the judgment appointing the receiver or not. They may require strict common-law proof as to all the facts upon which the deficiency is based, and may contest any unreasonable expenditure in the conversion of assets and the collection of accounts, including extravagant allowances to attorneys or counsel. Upon all these questions the defendant has

had his day in the courts of this state, and the united action of the courts below have conclusively determined them against him." And again: "No injustice was done the defendant by the judgments below, because he was only required to pay his exact proportion of the deficiency, as duly ascertained by the courts of this state. The fact that the deficiency had also been ascertained by the courts in Washington, and the same amount found to exist, did no harm. There is no inequality, for one creditor is not paid in full, while others get less, but all are benefited equally, and no one gets more than his due. * * * If some of the stockholders should prove insolvent, the defendant cannot be affected by it, or his liability increased thereby."

The decisions on the federal banking law were cited as an authority upon this question.

The learned referee called attention to this statement of Judge Vann, but refused to follow it, upon the ground that this was not a point essential to the decision of the Court of Appeals in that case, and that the weight of authority is that the stockholder is concluded by the judgment of the court in the proceeding against the corporation, and that in such corporate matters he is in fact represented by the corporation, and, in law, bound as a privy. The injustice in this case is striking, for here this defendant is not only held liable for his proportion of the debts of the corporation, but is also held to be liable for the proportion of those debts which the court in Minnesota has assumed to be payable by the stockholders of the corporation who are insolvent; and there is also imposed upon this defendant liability for the amount that the receiver will have to pay in enforcing the liability of this defendant and other solvent stockholders. The court of Minnesota assumed to impose this liability upon the defendant by virtue of the statute passed in 1899, many years after the defendant had abandoned his stock in this corporation. It seems to me clear, however, that the right of the plaintiff to enforce this liability against a stockholder who is not a citizen of the state of Minnesota, and who was not served with process in the proceeding which assumed to fix such liability, must be based upon common-law evidence showing the extent of the liability, and the facts which are necessary to impose the liability on the defendant. An adjudication in the court of another state in a proceeding to which the defendant was not a party, and where the court had no jurisdiction over him, cannot be the basis of such a recovery.

It follows that the judgment appealed from must be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event.

McLAUGHLIN, J., concurs. PATTERSON and LAUGHLIN, JJ., concur in result.