a new trial is therefore affirmed, with costs. All concur; Ingraham, C. J., in result.

COFFIN, Respondent, v. BARBER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 23, 1907.) Action by Walter S. Coffin against James J. Barber and another. No opinion. Motion for leave to amend decision and order denied, with $10 costs and disbursements.

COHEN, Respondent, v. BUDD, Appellant. (Supreme Court, Appellate Division, First Department. February 8, 1907.) Action by J. Quintus Cohen, as trustee, against Ogden D. Budd, as president, etc. W. V. Rowe, for appellant. M. Kirtland, for respondent. No opinion. Judgment affirmed, without costs. Order filed.

COHEN, Appellant, v. INTERURBAN ST. RY. CO., Respondent. (Supreme Court, Appellate Term. February 4, 1907.) Appeal from City Court of New York, Trial Term. Action by Clara Cohen against the Interurban Street Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed. Mortimer W. Solomon (I. Gainsburg, of counsel), for appellant. Bayard H. Ames, for respondent.

PER CURIAM. Judgment and order are affirmed, with costs, on the authority of Schmukler v. Central Crosstown R. R. Co., 104 App. Div. 630, 93 N. Y. Supp. 1146, with leave to the plaintiff to appeal to the Appellate Division.

GILDERSLEEVE, P. J., and BLANCHARD, J., concur.

DAYTON, J. (dissenting). While plaintiff was attempting to board one of defendant's cars at or near the corner of 119th street and Third avenue, and while using all due and proper care for her own safety, and without any warning the car which she was attempting to board, as aforesaid, it started suddenly, throwing plaintiff off said car. That the injuries so sustained were caused by the defendant's negligence, by the reckless rate of speed at which defendant operated said car, by the incompetency of defendant's agents to give plaintiff a reasonable opportunity to board said car, by reason of defendant's failure to give plaintiff warning of any kind that said car was about to start, and without any negligence on the plaintiff's part. The foregoing is a condensed statement of the allegations of the complaint. A motion to dismiss was granted, on the ground, apparently, that the complaint failed to allege that the car was standing still when the plaintiff attempted to board it. It seems to me that the complaint states a cause of action under section 481 of the Code of Civil Procedure, and that plaintiff was entitled to prove, if she could, that the car was standing still. Her inability to so prove, prima facie, would have resulted in a nonsuit. It is urged that Schmukler v. Central Crosstown R. Co., 104 App. Div. 630, 93 N. Y. Supp. 1146, is decisive of this appeal. In that case, however, no opinion was rendered by the trial justice nor by the Appellate Division, and it appears to be conceded that the appellant filed no brief, so that the affirmance was practically by default. Nevertheless, it is insisted by the respondent here that the complaint in this action is a replica of the complaint in "Schmukler," with the exception that the latter was an "alighting" accident, while in this case it was a "boarding" accident, and that therefore this judgment must be affirmed. While these two complaints are in many respects similar, there is a difference. Mrs. Cohen's averment is that the car "started suddenly." Webster's definition of "start" is "To cause to move or act; to act, going, running, or flowing, as to start a railway train," etc. Thus it is to be implied that "started suddenly" means an immediate change from repose to activity, from being stationary to going forward or backward. In the Schmukler complaint the mingling of the words "sudden start or lurch or movement" convey the idea that the car was moving when he attempted to alight. The definition of "lurch" is a "A sudden roll of a ship to one side, as in heavy weather." The synonym of "movement" is "motion," which "expresses the general idea of not being at rest." See Webster's Dictionary. I think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

COHEN, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 11, 1907.) Action by Benjamin Cohen against the Metropolitan Street Railway Company. No opinion. Judgment unanimously affirmed, with costs.

COLEMAN, Appellant, v. DELAWARE, L. & W. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 23. 1907.) Action by Sadie Coleman, as, etc., against the Delaware, Lackawanna & Western Railroad Company.

PER CURIAM. Judgment and order affimed, with costs.

SPRING, J., dissents. KRUSE, J., not voting.

COMRIE, Respondent, v. NORDLINGER, Appellant. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) Action by George R. Comrie against Sidney Nordlinger. No opinion. Motion for reargument or for leave to appeal to the Court of Appeals denied. For former opinion, see 101 N. Y. Supp. 1117.

(117 App. Div. 922)

CONVERSE, Appellant, v. STEWART, Respondent. (Supreme Court, Appellate Division, First Department. February 8, 1907.) Action by Theodore R. Converse, as receiver, against John A. Stewart. W. G. Wilson, for appellant. E. W. Sheldon, for respondent. No opinion. Judgment affirmed, with costs, on authority of 105 App. Div. 478, 94 N. Y. Supp. 310. Order filed.

CORNELL, Jr., et al., Appellants, v. WAYDELL et al., Respondents. (Supreme Court, Appellate Division, First Department. Februa-