CONVERSE v. STEWART.

(Circuit Court of Appeals, Second Circuit. May 13, 1912.)

No. 204.

JUDGMENT (§ 828*)—JUDGMENT AS ESTOPPEL—MATTERS CONCLUDED—FEDERAL AND STATE COURTS.

An adjudication in an action in a state court that the facts proved did not establish a legal conclusion essential to recovery in a second action between the same parties in a federal court is conclusive against plaintiff's right of recovery in the second action, where the proof is the same.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Conclusiveness and effect of judgments as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468.]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Theodore R. Converse, receiver, against John A. Stewart. Judgment for defendant (192 Fed. 941), and plaintiff brings error. Affirmed.

See, also, 218 U. S. 666, 54 L. Ed. 1202, 31 Sup. Ct. 226.

This cause comes here upon appeal against the plaintiff in error, who was plaintiff below. The judgment followed a verdict, which was directed in favor of defendant at the close of the trial.

The action was brought to recover from defendant, who was alleged to be the real and beneficial owner of certain shares of stock in a Minnesota corporation, the amount of an assessment levied and imposed upon its stockholders by the District Court of Minnesota in proceedings under the laws of that state for the sequestration of its property and the winding up of its affairs. The plaintiff is the same receiver who was plaintiff in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163.

The assessment now sued upon was levied in 1907. An earlier assessment was levied in 1902, upon which the receiver brought an action against this same defendant in the state court. In that action defendant finally prevailed, and it was because of the final judgment in that earlier action that the trial judge in this cause directed a verdict for the defendant. The facts are set forth in the opinion.

William G. Wilson and C. A. Severance, for plaintiff in error.

William A. W. Stewart and Edward W. Sheldon, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The history of the former state court action is as follows: The complaint contained the usual averments. The defendant contended that he was not, and never had been, the owner or holder of any of the stock of the Thresher Company, and also that the provisions of the statutes of Minnesota which were relied upon, having been passed long after the inception of his alleged ownership of stock, were not applicable to him, and that, if they should be held applicable, they were unconstitutional and void. That action was tried by a referee, who made a report in which he found that defendant was liable as a stockholder, and that the provisions of the Minnesota statute were applicable to him and were constitutional. Upon that report judgment was entered against defendant, who appealed to the Appellate Division of the Supreme Court.

That court held (Converse v. Stewart, 105 App. Div. 478, 94 N. Y. Supp. 310) on the authority of Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725, that in such actions, when brought in the courts of this state under the statutes of another state, defendant was entitled to "require strict common-law proof as to all the facts upon which the deficiency was based." The judgment was, therefore, reversed and a new trial ordered before another referee.

The second referee found the facts substantially as they had been found by the first referee, but, of course, in view of the decision of the Appellate Division, his conclusion was in favor of the defendant, in whose favor judgment was entered. From that judgment an appeal was taken to the Appellate Division, which did not write any opinion, having once discussed the case, but filed a memorandum affirming the judgment upon the authority of its former opinion. Appeal was taken to the Court of Appeals.

Before the cause was disposed of by the latter court, there appeared the opinion of the Supreme Court of the United States in the Bernheimer Case, which held, inter alia, that in the proceedings which determined the insolvency of the corporation, and the extent of the assessment to be laid, "the representation which a stockholder

has by virtue of his membership in the corporation is all he is entitled to by way of notice and opportunity to be heard on those points." The appeal from the judgment of the Appellate Division, which dismissed the complaint of the receiver, was heard in due course in the Court of Appeals, which affirmed the judgment, handing down this memorandum of its unanimous decision:

"Judgment affirmed with costs on the ground that the proof fails to establish that defendant was a stockholder of the Thresher Company at the time of its dissolution and of the decree of the Minnesota courts."

From judgment entered upon remittitur from the Court of Appeals plaintiff obtained a writ of error to the Supreme Court of the United States, which court thereafter dismissed the writ "for want of jurisdiction in this court." 218 U. S. 666, 31 Sup. Ct. 226, 54 L. Ed. 1202.

Thereafter the present action was brought to recover the second assessment of 1907. The former adjudication is not a bar to the maintenance of such action, since a different assessment is the subject-matter of the action. The only question is as to the effect of the adjudication upon the issues raised in the action at bar. Was there such a determination in the former action of any matter here presented which would make the former judgment operate as an estoppel?

The opinion of the Court of Appeals is not well-expressed. Of course, that court did not look into the evidence—a thing which could not be done, because the evidence was not before it—and decide that it was not sufficient to support the findings of fact upon which it was contended that defendant should be held to be a stockholder. What it did have before it were the findings of fact, including all those which succinctly rehearsed everything material that had occurred since defendant sent his certificate of stock in the Northwestern Manufacturing Company to the three trustees, who were to dispose of it for some other investment. With these findings of fact plaintiff was satisfied. Indeed, he says in his brief that they were all in his favor. His contention in the former action was that from these facts there must be drawn the legal conclusion that, at the time of the dissolution of the Thresher Company and of the decree of the Minnesota court, defendant was a stockholder.

The Court of Appeals, with the Bernheimer decision before it, would, presumably, as its memorandum indicates, have reversed the Appellate Division, if the matters discussed in the last-named court were all there were in the cause. But it would not reverse if there was any ground on which it could affirm, if in some particular, other than those discussed in the court below, plaintiff had failed to make out a case entitling him to judgment. Therefore it took up the other branch of the cause, examined the findings, and found that they would not support the conclusion that defendant was a stockholder at the time in question. Since the judgment affirmed is one of dismissal only, it might be no bar to the maintenance of another action, and, if additional evidence on this point were adduced, a different

conclusion might be reached. But there is no additional evidence. The facts testified to on the trial of the action at bar are identical with those found on the former trial. We have then, in an action between the same parties upon the same proof, an adjudication that the facts proved do not establish a legal conclusion essential to recovery. It is well settled that reference may be had to the opinions to show what was determined in an adjudication, and the opinion of the Court of Appeals certainly shows that, upon the proofs before it, it determined a question essential to recovery in a particular way. It is not open, therefore, to this court, to determine the same question between the same parties on the same proofs differently.

The judgment is affirmed.