LEONARD HOWARTH, as Receiver of the TRADERS' BANK OF TACOMA, Respondent, *v.* CHARLES E. ANGLE, Appellant.

1. FOREIGN RECEIVER OF NON-RESIDENT BANK — HIS RIGHT TO ENFORCE STATUTORY LIABILITY OF RESIDENT STOCKHOLDER FOR THE BANK'S DEBTS. Where the receiver of an insolvent bank of another state, who is also a *quasi* assignee invested with all rights possessed by its creditors and entitled to bring any action involving its property, funds and effects in his hands, these including as an asset the right to enforce a several liability for its debts imposed by a foreign statute upon its stockholders in favor of its creditors, after having had that liability determined as to all the stockholders in a proceeding taken in a foreign court, brings an action in the courts of this state to enforce it against a resident stockholder, who had not been a party to the foreign proceeding, and he has had opportunity here to contest all the essential facts and his exact liability has been here determined on common-law evidence, the Court of Appeals will, in the interests of interstate comity and because the foreign statute prescribed no remedy for the enforcement of the liability, affirm a recovery here by the receiver where the same does not involve any departure from our practice, nor result in injustice to any of our citizens, or conflict with our public policy.

2. BASIS OF LIABILITY OF RESIDENT STOCKHOLDER IN FOREIGN CORPORATION. The enforcement of a statutory liability against a resident stockholder for debts of an insolvent foreign corporation does not rest upon the theory that the laws of the foreign state are in force in this state, but upon the contractual obligation he assumes to meet the liability affixed by the statute to the ownership of stock.

*Howarth* v. *Angle,* 39 App. Div. 151, affirmed.

(Argued January 18, 1900; decided February 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

March 23, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court after trial without a jury.

This action was brought by the plaintiff, as receiver of an insolvent bank in the state of Washington, to recover the equal and ratable proportion of an alleged deficiency claimed to be due from the defendant on account of his ownership of sixty-five shares of the capital stock of said bank. Upon the trial the following facts, among others, were found by the court:

The bank in question, incorporated under the laws of the territory (now state) of Washington, became insolvent in May, 1894, and, on the 19th of that month, the plaintiff was duly appointed receiver thereof, "and of all its property and assets, real and personal, of whatsoever nature," by a court of general jurisdiction in that state, but the defendant was not a party to the action. The bank had a capital of $500,000, divided into 5,000 shares of the par value of $100 each, and prior to the appointment of the plaintiff as receiver, as well as ever since, the defendant owned sixty-five shares. From the organization of said bank the statutes of Washington have provided that the stockholders of every bank incorporated thereunder "should be held individually responsible, equally and ratably, and not one for the other, for all the contracts, debts and engagements of the bank accruing while they remain such stockholders, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." They further provide for the appointment of a receiver by the Superior Court whenever a corporation becomes insolvent, with "power, under control of the court, to bring and defend actions, take and keep possession of property, receive rents, collect notes and generally to do such acts, respecting the property in his hands, as the court should authorize."

Said statutes have received judicial construction in the highest court of said state, which established the law "that a receiver of an insolvent corporation, appointed under and in

accordance with said laws, and under circumstances similar to
those under which plaintiff was appointed receiver, as afore-
said, became and was a receiver for all of the creditors of the
respective corporation or association of which he was so
appointed receiver, and a *quasi* assignee, and invested with
the title to all rights of action possessed by his principals, and
was entitled to bring and defend, in his own name, as such
receiver, any and all actions involving the property, funds
and effects in his hands as receiver or concerning the persons
represented by him, including the creditors of such corpora-
tions.   *   *   *   That the liability of the stockholders of a
banking corporation, organized under the provisions of the
laws of the said state as above quoted, was a contingent and
secondary liability to be enforced after all other assets of said
bank had been exhausted and was provided for the benefit of
all creditors of said bank and became a part of, and added to,
the funds and property of such bank in the possession of the
receiver thereof, and the title to which was in said receiver as
a trust fund for the purpose of satisfying the claims of such
creditors; and that such trust funds, including said contingent
and secondary liability of the stockholders of such bank, were
all assets in the hands of such receiver and should be adjusted
in receivership proceedings, and that such receiver had the
right, under the direction of the court, to enforce the said
contingent and secondary liabilities and every liability of
whatsoever nature which the court might find necessary in
order to pay the amount owing to the creditors, and that the
receiver of such corporation, and not the individual creditors
themselves, was and is the proper person to sue upon and
enforce the said liabilities against the stockholders of such
insolvent banking corporation."

The trial court further found as follows:

" *Tenth.* That at the time the defendant became the owner
and holder of sixty-five shares of stock in the said bank, as
aforesaid, the provisions of the laws of the State of Washing-
ton as stated above, as interpreted by the courts of that State,
were in full force and became a part of the said defendant's

contract of purchase and ownership of said shares of stock, and said defendant in and by his purchase and ownership and holding of said sixty-five shares of stock of said bank as aforesaid, contracted and agreed for a valuable consideration, that he would be, and remain, individually responsible, equally and ratably with the other stockholders of said bank, for all contracts, debts and engagements of said bank accruing while he remained such stockholder to the extent of the amount of his stock therein at the par value thereof, to wit, to the amount of $6,500 in addition to the amount invested in said shares; and that it is provided by the laws of the said State of Washington that an action to enforce said liability or any liability under the said contract and obligation is transitory and may be brought by a receiver as aforesaid in any court of general jurisdiction in any State where personal service can be made upon said stockholder.

"*Eleventh.* That while the said defendant remained a stockholder of said Traders' Bank of Tacoma and the owner of sixty-five shares of its stock of the par value of $100 each as aforesaid, certain contracts, debts, engagements and obligations duly accrued against said Traders' Bank of Tacoma, upon which, after exhausting and applying the proceeds of all property and assets of said bank of whatsoever nature, there still remains due and owing the sum of $131,670.40, and that the equal and ratable proportion of the said deficiency due from said defendant on account of the sixty-five shares of the capital stock of said bank owned by him as aforesaid, and on account of the contract and agreement entered into by him at the time of his purchase and ownership as aforesaid, and in accordance with the provisions of the statutes and laws of the State of Washington, is the sum of $1,712.10.

"*Twelfth.* That prior to the commencement of this action and prior to the making of the assessment hereinafter referred to, plaintiff as receiver of the Traders' Bank of Tacoma, as aforesaid, and acting under orders of the said Superior Court of the State of Washington for the county of Pierce, had duly and regularly collected in and sold and disposed of all

property and assets of said Traders' Bank of Tacoma, real, personal and mixed, and of whatsoever kind and nature, except the said contingent or secondary liability against the stockholders of said bank, and had distributed the money so collected and the proceeds so realized to the several creditors of the said Traders' Bank of Tacoma entitled thereto, as was duly found and ordered by the said Superior Court last above named; and that after so selling and disposing of all of the assets of said bank, and on or about the 17th day of March, 1897, upon a full report and showing to said Superior Court last above named, and upon full proof of the facts above stated and of the condition of said bank, an order and judgment of said Superior Court was duly made and entered in said cause number 11,673 by said Superior Court of the State of Washington for the county of Pierce, adjusting all the affairs of said receivership and the liabilities of the stockholders of said bank and finding and adjudging the aggregate amount of the several deficiencies upon the several contracts, debts and engagements which had accrued against said bank prior thereto to be the sum of $131,670.40, and further ordering, directing and adjudging that plaintiff, as receiver as aforesaid, at once levy an assessment upon the several stockholders of said bank equal to twenty-six and $\frac{34}{100}$ per cent of the par value of the stock of said bank, which was by said judgment found to be an assessment sufficient and necessary to make up the full amount of said deficiency and which said judgment directed that said assessment be paid forthwith to said plaintiff as such receiver at Tacoma, Pierce county, Washington, in cash, on or before the 24th day of April, 1897, and · which said judgment further ordered and directed said plaintiff, as such receiver, to forthwith give notice to and make demand upon the several stockholders of said bank for the amount of the respective assessments upon them on account of their several proportions of the capital stock of said bank, and authorized and directed him, said plaintiff, as such receiver, to proceed forthwith by suit brought in his own name as such receiver against all stockholders, if any, who refused to pay

their respective portions of such assessment, or any portion thereof, according to the said terms and demands. * * * "

The receiver thereupon levied an assessment on the several stockholders of the bank, in accordance with said judgment, of twenty-six and $\frac{34}{100}$ per cent upon the par value of said stock. Before the commencement of this action he gave notice of such assessment to the defendant as one of said stockholders, and demanded payment of his proportionate amount of the assessment and deficiency, amounting to $1,712.10.

Upon the refusal of the defendant to pay said sum, this action was brought for the recovery thereof, and the trial judge directed a judgment in favor of the plaintiff for the amount, with interest and costs. That judgment was unanimously affirmed by the Appellate Division and the defendant now comes here.

*Horace McGuire* for appellant. Under the rule of inter-state comity the plaintiff should not be permitted to collect this assessment or enforce this liability against a citizen of this state in this action or upon the facts alleged in his complaint. (*Marshall* v. *Sherman,* 148 N. Y. 8.; *Drinkwater* v. *P. M. R. Co.,* 18 Me. 35; *Leucke* v. *Tredway,* 45 Mo. App. 507; *F. Nat. Bank* v. *G. M. C. M. Co.,* 42 Minn. 327; *Lowry* v. *Inman,* 46 N. Y. 119; *Farnsworth* v. *Wood,* 91 N. Y. 308; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 185; *Hirshfeld* v. *Bopp,* 145 N. Y. 84; *Nat. Bank* v. *Dillingham,* 147 N. Y. 603; *Tucker* v. *Gilman,* 45 Hun, 193; 121 N. Y. 189.)

*Porter M. French* for respondent. The plaintiff, who is a statutory receiver appointed by the Superior Court of Pierce county, in the state of Washington, can maintain this action, and it is properly brought in his name. (*Wilson* v. *Book,* 13 Wash. 676; *Watterson* v. *Masterson,* 15 Wash. 511; *Hardin* v. *Sweeney,* 14 Wash. 129; *Booth* v. *Clark,* 17 How. [U. S.] 322; *Schultz* v. *P. Ins. Co.,* 77 Fed. Rep. 375; *Avery* v. *B. L. & T. Co.,* 72 Fed. Rep. 700; *Farley* v. *Talbee,* 55 Fed.

Rep. 892; *Sheafe* v. *Larimer*, 79 Fed. Rep. 921; *Howarth* v. *Ellwanger*, 86 Fed. Rep. 54; *H. Nat. Bank* v. *Ellis*, 166 Mass. 414; *Cushing* v. *Perot*, 175 Penn. St. 66; *Patterson* v. *Stewart*, 41 Minn. 84; *M. Mfg. Co.* v. *Langdon*, 44 Minn. 37.) The liability imposed upon the defendant as a stock-holder of the Tacoma Bank by the Constitution and statutes of Washington is contractual; therefore, transitory, and can be maintained in any jurisdiction where defendant can be found. (Beach on Priv. Corp. § 148; Morawetz on Priv. Corp. [2d ed.] § 875; Cook on Stock & Stockholders [2d ed.], § 223; *Cole* v. *S. R. R. Co.*, 9 Wash. 487; *Hardin* v. *Sweeney*, 14 Wash. 129; *Wilson* v. *Book*, 13 Wash. 676.)

VANN, J. The appeal book contains but three exceptions, two of which relate to findings of fact, and cannot be here considered because the affirmance was unanimous. The third relates to the conclusion of law, and hence the sole question presented is whether the facts found authorize the judgment directed. None of the evidence is returned, except certain extracts from the Constitution and statutes of Washington and an abstract of the testimony of a lawyer, practicing in that state, relating to the construction placed by its highest court upon them.

The findings show that the judgment of the trial court is not founded simply upon the judgment of the Washington court appointing a receiver and the assessment made pursuant thereto, for the organization and insolvency of the Tacoma bank, the amount of the deficiency and defendant's proportion thereof, are found as independent facts, which are presumed, from the state of the record before us, to have been estab-lished by common-law evidence. The defendant's liability and the amount thereof do not depend upon the Washington judgment, the only necessary function of which, in this action, was to establish the title of the plaintiff and his right to sue.

While the plaintiff is called a receiver, the name does not

measure his power, for he represents all the creditors and stockholders of the insolvent corporation, and is authorized to maintain such actions as are necessary to recover the assets, among which is included the cause of action set forth in the complaint. He is not a mere custodian, but " a *quasi* assignee  *  *  *  invested with the title to all rights of action possessed by his principals," and entitled to bring " any and all actions involving the property, funds and effects in his hands as receiver, or concerning the persons represented by him, including the creditors of such corporation." The statutory liability of stockholders is an asset of the insolvent bank, " the title to which was in said receiver as a trust fund for the purpose of satisfying the claims of" creditors.

While a foreign receiver cannot sue in this state, as a matter of right, " still our courts uphold the title of a foreign assignee or receiver upon the principle of comity. If the title is by virtue of a voluntary conveyance or transfer, it is sustained as against all, including even domestic creditors, but if it depends on a foreign statute or judgment, it is sustained against all except domestic creditors.  *  *  *  Every remedy to gather in the assets is afforded, unless it would interfere with the policy of the state or impair the rights of its own citizens." (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196, 201.) This is made very plain by the learned opinion of the Appellate Division, which leaves nothing to be said upon the subject. (*Howarth* v. *Angle*, 39 App. Div. 151.)

It was not necessary that all the stockholders should be before the Washington court, when the order was made appointing the plaintiff receiver and giving him authority to sue, any more than when a decree in bankruptcy is made, which binds all who are not parties the same as those who are. (*Sanger* v. *Upton*, 91 U. S. 56.) That judgment may be regarded as a proceeding *in rem*, binding upon all the world so far as title to the assets of the corporation is concerned, and, according to the decisions of the highest court of the state where it was made, the so-called statutory liability of stockholders is part of the assets.

The defendant took stock in the Tacoma bank subject to the burden of the law, which he impliedly agreed to bear, as he could not otherwise have become a stockholder. (*Lowry v. Inman*, 46 N. Y. 119.) That burden is an asset, vested in the receiver, and can be enforced in this state the same as a promissory note, not because the laws of Washington are in force here, but because the defendant voluntarily assented to the conditions upon which the bank was organized. As was said in the case last cited, "a personal liability of stockholders for the debts of a corporation, in virtue of the charter, is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute. It is not enforced simply as a statutory obligation, but is regarded as voluntarily assumed, by the act of becoming a stockholder.   *   *   *   It is like other obligations, assumed in the form prescribed by the laws of the place where made, and, being valid there, is enforceable everywhere. Its validity, interpretation and effect are to be determined by the *lex loci*; but the remedy is governed by the *lex fori*." While the liability is, for convenience, frequently called statutory, because the statute, which is the constitution of the bank, affixed the obligation to the ownership of stock, it is in fact contractual and springs from an implied promise. There is no substantial difference between the liability for an unpaid balance on a stock subscription, which is an express contract to take stock and pay for it (*Stoddard* v. *Lum*, 159 N. Y. 265), and the liability for the unpaid deficiency of assets assumed by the act of becoming a member of the corporation through the purchase of stock, from which a contract is implied to perform the statutory conditions upon which stock may be owned. (*Richmond* v. *Irons*, 121 U. S. 27, 55.) The fact that the former is the promise of a principal, and the latter of a surety, does not affect the question. The express promise runs to the corporation and may be enforced by it, while the implied promise runs to the creditors, and may, according to the common law of the state where it was made, be enforced for the benefit of creditors by a receiver of the corporation appointed to wind

up its affairs. The latter promise is not a part of the capital stock of the bank, but is a substitute, required by statute, for the personal liability of a partner at common law, and has the same object, which is the protection of creditors.

The stockholders, however, may controvert in our courts all the essential facts, such as insolvency, the amount of the deficiency and the like, whether they are established by the judgment appointing the receiver or not. They may require strict common-law proof as to all the facts upon which the deficiency is based, and may contest any unreasonable expenditure in the conversion of assets and the collection of accounts, including extravagant allowances to attorneys or counsel. Upon all these questions the defendant has had his day in the courts of this state, and the united action of the courts below have conclusively determined them against him.

If the statute, upon which the personal liability of the stockholders is founded, had also provided a remedy for that liability, such remedy would have been exclusive and could not have been enforced in the courts of this state. It was said in *Pollard* v. *Bailey* (87 U. S. 520, 527), "the liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by a statute without a remedy may be enforced by an appropriate common-law action." The statute of Washington, however, provided no remedy, but left that subject to the courts, to be worked out according to the common law. The learned counsel for the appellant recognizes the distinction between foreign statutes, which create a liability and provide a remedy, and those which create a liability but do not provide a remedy. He admits that, according to the law of this state, in the former class only the remedy provided by the foreign statute can be pursued, while in the latter it depends upon interstate comity. He insists, however, that the procedure against resident stockholders of a foreign corporation must be in substantial accordance with the practice established in the state where the action is brought, and this is true to the extent that no departure from that practice is permitted,

which results in injustice to the citizens of that state, or is
against the public policy thereof.  He relies upon the case of
*Marshall* v. *Sherman* (148 N. Y. 9), where the action was
not brought by a receiver, but by a creditor of an insolvent
bank in Kansas, to recover the amount of a deposit after a
receiver had been appointed in that state.  The action was
founded upon a local statute, which not only created the
liability, but also provided a peculiar and complicated remedy
unknown to our courts, and which could not be entirely
enforced in this state.  (*Lowry* v. *Inman*, 46 N. Y. 119;
*Christensen* v. *Eno*, 106 N. Y. 97, 103.)  The liability was
neither contractual, in the general sense, nor penal, but the
statute charged the property of the stockholder with the debts
of the insolvent corporation to the extent of the stock held by
him.  It was the case so aptly described by Judge ALLEN in
*Lowry* v. *Inman* (*supra*), where the intent of the legislature
" was not to create a general, personal or property liability,
but to charge the property of the stockholders, and that not
generally, or by the usual and ordinary process, but condi-
tionally, and by a peculiar and unusual procedure, only avail-
able in the courts of that state, not only limiting and prescrib-
ing the security and rights of the creditor, and the obligation
and liability of the stockholder, but prescribing the remedy,
going with it and as a part of the right."  The assets had not
been marshalled or appropriated for the benefit of creditors
and there was no way to determine, with any degree of
accuracy, the amount of the deficiency or how much the
defendant ought to pay.  The action, if it had not been
arrested by the demurrer interposed to the complaint, would
naturally have resulted in the appropriation by one creditor,
alone, of that which belonged to others equally with himself.
Under these circumstances we declared that " when the courts
of this state are asked to administer the statutes of Kansas,
and we can see that the case is surrounded by such complica-
tions, and the circumstances are such that it cannot be done
without injustice to our own citizens or that it will be impos-
sible to do full and complete justice to all the parties in inter-

est, it is reasonable and just to decline to administer them at all."

In that case the amount of the deficiency was not ascertained in any way by a court or otherwise; the action was not brought by a receiver; the remedy sought was that provided by the foreign statute, which created the liability; that remedy could not be wholly enforced in this state, and, to the extent that it could be enforced, might result in injustice to our citizens. In this case the action is brought by a receiver, who, according to the decisions of the Washington courts, has the title to the right of action, and the amount of the deficiency has been definitely ascertained both by the courts of that state and of this. It does not appear that there is any other stockholder or any creditor in this state, or that injustice will be done to any citizen of this state by sustaining the judgment appealed from. The reasons given by the court for denying relief in *Marshall* v. *Sherman* are met by the facts of this case, which distinguish it in many essential respects and permit a recovery under the principles sanctioned, but not applied in that case because the necessary facts were wanting.

It is not necessary that the procedure to enforce the liability in question should be that required by statute in this state in the case of domestic corporations, as that would frequently be impossible and would withhold the right of comity altogether. Any provision of our statutes which makes the recovery of judgment against the corporation and return of execution unsatisfied essential to the maintenance of an action against a stockholder cannot ordinarily be complied with in the case of a foreign corporation, because service of process cannot be had. (L. 1890, ch. 564, § 58; *Hirshfeld* v. *Bopp*, 145 N. Y. 84.) However, the provision of the Stock Corporation Law, above cited, did not apply even to a domestic banking corporation on the 18th of May, 1897, when this action was commenced, because, on the day before, section 52 of the Banking Law was so amended as to require the enforcement of liability against stockholders by action in the name of the receiver. (L. 1892, ch. 689, § 52; L. 1897, ch. 441, § 1.)

Said amendment also answers the criticism of the appellant that if the right of action was in a creditor, instead of the receiver, the defendant would have had the benefit of the Statute of Limitations. (Code Civ. Pro. § 394.)

It is sufficient if the method of procedure in our courts is such that no injustice is done to the defendant, or to any citizen of this state, and the established policy of the state is not interfered with. ( *Willitts* v. *Waite,* 25 N. Y. 577, 585.) No injustice was done the defendant by the judgments below, because he was only required to pay his exact proportion of the deficiency, as duly ascertained by the courts of this state. The fact that the deficiency had also been ascertained by the courts in Washington and the same amount found to exist did no harm. There is no inequality, for one creditor is not paid in full, while others get less, but all are benefited equally, and no one gets more than his due. Justice is done to all and injustice to none. While only a single stockholder was made a party to the action, he was the only stockholder, so far as appears, who could be served in this state.

If some of the stockholders should prove insolvent, the defendant cannot be affected by it or his liability increased thereby. Under the Federal Banking Law, which contains the same provision as to the liability of stockholders, in the same words as the statute in question, it was held that there was no power to direct a second assessment to supply the deficit caused by the inability of the receiver to enforce payment from such stockholders as were insolvent or beyond the jurisdiction. It was also held that the effect of the words " equably and ratably and not one for another," was to make the liability several and not joint, and to protect each stockholder from liability for the default of another. It was distinctly announced " that the shareholders were not intended to be put in the relation of guarantors or sureties one for another, as to the amount which each might be required to pay," and that " the insolvency of one stockholder, or his being beyond the jurisdiction of the court, does not in any wise affect the liability of another." ( *U. S.* v. *Knox,* 102 U.

S. 422. See, also, *Matter of the Hollister Bank*, 27 N. Y. 393; *Crease* v. *Babcock*, 10 Metc. 525, and Morse on Banking, 503.)

The defendant, therefore, cannot be made to pay more than once nor more than his share, whether others pay or not. No resident of this state is affected, except the defendant, from whom nothing is required except what he impliedly contracted to pay. The policy of the state is not contravened, for that policy requires the enforcement of the statutory liability of stockholders of insolvent cerporations by an action, in the name of a receiver, to recover the proper proportion of the deficiency from each stockholder for the benefit of all the creditors. As was said in *Stoddard* v. *Lum* (*supra*): "The plaintiff does not come here seeking to remove assets from this state to the possible prejudice of domestic creditors, but asks that he be permitted to enforce against our own citizens the performance of contracts into which they have entered in another jurisdiction."

When an action by a foreign receiver to collect assets, under the authority of the court which appointed him, works no detriment to any citizen of this state, and is not repugnant to its policy, it would be a provincial and narrow view for our courts to refuse to extend the usual state comity. There is a close business connection between the citizens of the different states of the Union. Investments are freely made in other states by the citizens of this state, who need the aid of the courts of the jurisdiction where the investments are made. The comity which we expect to have extended to citizens of our state, we cannot, in justice, refuse to citizens of other states. State lines should not prevent justice from being done. Our courts should not close their doors to a receiver from another state, who comes here, armed with the title to a just claim against a citizen of this state and offers to establish by common-law evidence the liability of that citizen. While we should keep control of the subject, so as to see that no discrimination is practiced against our citizens, or injustice done them either as to the substance of the liability or the method

of procedure, when the same result is attained in practically the same way as, under similar circumstances, would be attained in the case of a domestic corporation, there is no reason for withholding that aid which is now afforded by the courts of almost all enlightened countries.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN and LANDON, JJ., concur; O'BRIEN, J., not voting.

Judgment affirmed.