(109 App. Div. 688)

### KNICKERBOCKER TRUST CO. v. ISELIN.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

CORPORATIONS—LIABILITY OF STOCKHOLDERS FOR CORPORATE DEBTS—JURISDICTION OF ACTION.

Laws Md. 1892, p. 156, c. 109, § 851, provides that each stockholder shall be liable to the depositors and creditors of any such corporation for double the amount of stock at the par value held by such stockholder in such corporation. The statute provides no remedy, but leaves that subject to be worked out according to the common law. The courts of Mary-

land have decided that the liability of stockholders is not a corporate asset, but a debt due directly from the stockholders. *Held*, that the liability of a stockholder in a Maryland corporation residing in New York may be enforced in the courts of this state by a creditor also residing here.

McLaughlin and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Knickerbocker Trust Company against Adrian Iselin, Jr. From a judgment overruling the demurrer to the complaint, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

Edwin T. Rice, for appellant.

Julien T. Davies, for respondent.

CLARKE, J. The complaint alleges. That the plaintiff in all the times thereinafter mentioned was, and now is, a corporation organized and existing under the laws of the state of New York, duly authorized to loan money on real and personal securities and to transact the general business of a trust company. That the City Trust & Banking Company was duly organized and incorporated, and transacted business under the laws of the state of Maryland. That by section 851, c. 109, p. 156, of the Acts of 1892 of said state, governing said corporation, it was provided:

"Each stockholder shall be liable to the depositors and creditors of any such corporation for double the amount of stock at the par value held by such stockholder in such corporation."

That on the 20th day of April, 1903, all the aforesaid statutes being at the time in full force and effect, plaintiff loaned to said City Trust & Banking Company $100,000 at 6 per cent., to be repaid October 20, 1903. That at the time said loan was made defendant was a stockholder in said City Trust & Banking Company, and was the holder and owner of 100 shares of the capital stock thereof, of the par value of $10 per share. That prior to the 20th of October, 1903, the said company became and now is insolvent, and on the 6th of June, 1903, at which time defendant still was the owner of said shares of stock, the property and business of said company was placed in the hands of receivers in a proceeding duly brought in circuit court No. 2 of Baltimore, a court of competent jurisdiction, for the purpose of winding up its affairs. That there is still due to plaintiff upon its loans to said company $49,000, with interest. That by virtue of the provisions of the said charter of the City Trust & Banking Company, and the aforesaid laws of Maryland as defined, construed, administered and enforced by the courts of the state of Maryland, defendant is personally and individually indebted to plaintiff in an amount equal to double the amount of stock at par held by defendant as aforesaid in the City Trust & Banking Company, to wit, in the sum of $2,000, to recover which plaintiff may have an action against defendant. The complaint alleges demand and refusal, and demands judgment for $2,000 and interest from the date of demand. The defendant demurred, the Court at Special Term overruled the

demurrer, and from the interlocutory judgment the defendant appeals.

Appellant claims that Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, is a controlling authority in his favor. That case was decided in 1895. What was decided was that in a case brought by a foreign creditor of a Kansas corporation, which was insolvent and had gone into the hands of a receiver, against a citizen of this state, who was a stockholder in said corporation, under provisions of the Constitution and statutes of Kansas which made the stockholder liable to the, extent of the par value of his stock and provided an express and complicated remedy unknown to our law and impossible of administration by our courts in its entirety, where the complaint contained no allegation as to the meaning or effect of these statutes or of the Constitution under the adjudications of the courts of Kansas, and the courts of this state were therefore obliged to construe them with the aid of such rules and upon such principles as the courts of this state apply in the construction of such enactments here; that as under our statutes an action by a single creditor against a single stockholder would not lie, but that an action in equity must be brought bringing in all the creditors and all the stockholders, so that action would not lie. The opinion concluded with this language:

"When the courts of this state are asked to administer the statutes of Kansas, and we can see that the case is surrounded by such complications and the circumstances are such that it cannot be done without injustice to our own citizens, or that it will be impossible to do full and complete justice to all the parties in interest, it is reasonable and just to decline to administer them at all."

The Court of Appeals has admonished us that we are bound by what it decides only. "If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion and not the decision of the court. A judicial opinion is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation." Colonial City T. Co. v. Kingston R. R. Co., 154 N. Y. 493, 495, 48 N. E. 900.

Subsequent to the decision of Marshall v. Sherman, and in March, 1900, the Supreme Court of the United States handed down its opinion in Whitman v. National Bank of Oxford, 176 U. S. 559, 20 Sup. Ct. 477; 44 L. Ed. 587. This case arose in the United States Circuit Court for the Southern District of New York, and involved the precise Kansas statutes passed upon in the Marshall Case. That court said:

"The liability which by the Constitution and statutes is thus declared to rest upon the stockholder, though statutory in its origin, is contractual in its nature."

After referring to partnerships and limited partnerships, and the contractual nature of the obligations to creditors therein assumed, the court proceeded:

"And it is none the less so when these same stockholders organized a corporation under a law of Kansas which prescribed the nature of the obligations which each thereby assumes to the others and to the creditors. While the statute of Kansas permitted the forming of the corporation under certain conditions, the action of these parties was purely voluntary. In other words, they entered into a contract authorized by statute. * * * This liability is fixed and does not depend on the liability of other stockholders. There is no necessity for bringing in other stockholders; * * * and, as this liability is one which is contractual in its nature, it is also clear that an action therefor can be maintained in any court of competent jurisdiction."

It is true, when no federal question is involved, that, where the views of the United States Supreme Court and the Court of Appeals differ, we are bound to follow the Court of Appeals. Towle v. Forney, 14 N. Y. 423; Clements v. Yturria, 81 N. Y. 285. In Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725, where an action was brought against a stockholder by the receiver of an insolvent bank of the state of Washington, the Court of Appeals said:

"According to the decisions of the highest court of the state where it was made, the so-called statutory liability of stockholders is part of the assets. The defendant took stock in the Tacoma Bank, subject to the burden of the law which he impliedly agreed to bear, as he could not otherwise have become a stockholder. That burden is an asset vested in the receiver, and can be enforced in this state the same as a promissory note, not because the laws of Washington are in force here, but because the defendant voluntarily assented to the conditions upon which the bank was organized. * * * While this liability is, for convenience, frequently called statutory, because the statute, which is the constitution of the bank, affixed the obligation to the ownership of the stock, it is in fact contractual, and springs from an implied promise. * * * The implied promise was to the creditors, and may, according to the common law of the state where it was made, be enforced for the benefit of creditors by a receiver of the corporation appointed to wind up its affairs."

It does not seem that the two great courts are very far apart. The case at bar is clearly distinguishable from Marshall v. Sherman. In the first place, by reason of the failure to allege the construction given by the Kansas courts to the statutes, pointed out at the very beginning of the opinion and the corner stone thereof, the Court of Appeals said:

"We are therefore obliged to construe them ourselves, with the aid of such rules and upon such principles as the courts of this state apply to the construction of such enactments."

The construction of the Maryland courts is distinctly pleaded in the complaint under consideration. In the Marshall Case there was "a special and peculiar remedy against the stockholders enacted under the laws of that state." Being such, the court held that it could not be enforced, except at the domicile of the corporation. In the case at bar the liability alone was created. No remedy was provided. The court in the Marshall Case stated it to be doubtful whether any contractual relation existed between the stockholders of the corporation and its creditors, after the capital stock had been paid in and the organization of the corporation completed, so as to give it legal capacity to make contracts and incur obligations for itself.

In Howarth v. Angle, the Court of Appeals said:

"There is no substantial difference between the liability for an unpaid balance on a stock subscription, which is an express contract to take stock and

pay for it, and the liability for the unpaid deficiency of assets assumed by the act of becoming a member of the corporation through the purchase of stock, from which a contract is implied to perform the statutory conditions upon which stock may be owned. * * * The implied promise runs to the creditors, and may, according to the common law of the state where it was made, be enforced for the benefit of creditors."

The Marshall Case states:

"In a case like this an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liability of stockholders. In such case an action in equity must be brought and all creditors and stockholders brought in."

The whole paragraph is controlled by the phrase "in a case like this." This is to enforce a foreign statute with a complex and peculiar remedy unknown to our law, impossible of being administered here in its entirety and with no allegation as to the interpretation therof by the foreign courts. In the case at bar no remedy is provided, but one has been worked out under the common law of the foreign state, and pleaded—an action well known to our law. In Howarth v. Angle, the court said that, the courts of Washington having decided that the stockholder's liability constituted a part of the assets of the bank, it could be enforced in our courts, like a promissory note. The courts of Maryland having decided that the stockholder's liability is a contractual obligation to the creditor, and that he individually may have an action therefor, there seems to be no difficulty in applying the same rule. A contractual liability of that kind must be as transitory in its nature as the contractual liability created by a promissory note, and hence follow the contractor to the place of his residence. In Miners' & Merchants' Bank v. Snyder (Md.) 59 Atl. 707, 68 L. R. A. 312, the Maryland court held:

"Such liability does not constitute a corporate asset, enforceable by a receiver of a corporation; but it is a debt due directly from the stockholder to those persons who became creditors of the corporation while he held its stock. * * * Any such creditor could enforce the liability by a separate action against any stockholder from whom it was due. * * * It was thus made possible for the creditor by the exercise of superior skill and diligence to secure payment in full of his debt from the stockholders sued by him to the exclusion of the other creditors"—citing a long line of Maryland cases.

Where the Court of Appeals has followed the interpretation of the Washington courts that the liability under the Washington statute is a corporate asset, it seems this court must in a case with a proper averment in the complaint, as is this, follow the Maryland courts that under the Maryland statute it is not a corporate asset, but is a debt due directly from the stockholders.

It seems to me that Marshall v. Sherman, in view of the late decisions, does not apply to the case at bar. This is an action by a corporation organized and existing under the laws of this state, against a citizen of this state, to recover upon a contractual liability assumed by the act of becoming a member of a Maryland corporation through the purchase of stock, from which a contract is implied to perform the statutory conditions upon which the stock may be owned. Richmond v. Irons, 121 U. S. 27–55, 7 Sup. Ct. 788, 30 L. Ed. 864, cited

with approval Howarth v. Angle, 162 N. Y., at page 187, 56 N. E., at page 492 (47 L. R. A. 725). The statutory provision is:

"Each stockholder shall be liable to the depositors and creditors of such corporation for double the amount of stock at the par value held by such stockholder in such corporation."

This contractual liability, being valid in the state where assumed, is enforceable everywhere. Its validity, interpretation, and effect are to be determined by the lex loci; but the remedy is governed by the lex fori. Lowry v. Inman, 46 N. Y. 119, cited with approval in the Howarth Case, supra. If the statute upon which the personal liability of the stockholder is founded had also provided a remedy for that liability, such remedy would have been exclusive, and could not have been enforced in the courts of this state. The statute of Maryland, however, provided no remedy, but left that subject to the courts, to be worked out according to the common law. Howarth v. Angle, 162 N. Y. 188, 56 N. E. 489, 47 L. R. A. 725. The courts of Maryland have construed, administered, and enforced that law by declaring that under the circumstances disclosed the defendant is personally and individually indebted to plaintiff in an amount equal to double the amount of stock held by the defendant, to recover which plaintiff may have an action against defendant. This is a simple action at law, upon a contract well known to our law, and one which there is no difficulty in litigating. No moneys are to be taken from the state to the detriment of any citizens thereof. One citizen is to recover of another an amount due on a contract. It must be assumed that the loan by the plaintiff to the Maryland corporation was made in reliance upon the obligation voluntarily assumed by the defendant. The opinion in the Marshall Case dealt largely with the injustice to citizens of this state if the proceeding there under consideration was sanctioned. If this demurrer should be sustained, the injustice would be extended to a citizen of the state, because, under the interpretation given to the subject by the Supreme Court of the United States, a foreign creditor of the City Bank & Trust Company could bring an action in the United States Court for this district against this same defendant, and recover. The plaintiff, by reason of its residence here, cannot sue in the federal court. The result would be that its diligence will go for naught because it is a resident of this state. I do not believe such a result ought to be sanctioned.

The judgment appealed from is affirmed, with costs, with leave to the defendant, upon payment of the costs below and in this court within 20 days, to withdraw the demurrer and to answer over.

O'BRIEN, P. J., and PATTERSON, J., concur.

McLAUGHLIN, J. (dissenting). The question presented upon this appeal cannot in principle be distinguished, as it seems to me, from the principle involved in the decision in Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, and therefore until the Court of Appeals overrules that decision it is binding upon this court. In Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489,

47 L. R. A. 725, the court did not overrule Marshall v. Sherman, supra, but simply pointed out the difference between the two cases. In the Marshall Case the action was brought, as here, by a single creditor, and in the Howarth Case by the receiver, representing and for the benefit of all the creditors.

When a corporation has become insolvent and a receiver has been appointed, it would seem that its assets ought to be marshaled and its liabilities ascertained, to the end that all creditors might be treated alike. It is a harsh rule which permits a single creditor, who happens to know of a solvent stockholder in another state, to commence an action in his own behalf against him, to the end that he may get his pay, to the exclusion of all others. This, in Marshall v. Sherman, supra, the Court of Appeals held could not be done, and until that court changes its view on the subject I do not see how an action of this character can be maintained.

I therefore vote to reverse the judgment and sustain the demurrer.

HOUGHTON, J., concurs.