## SHIPMAN v. TREADWELL et al.

(Supreme Court, Trial Term, Albany County.    October 11, 1911.)

1. CORPORATIONS (§ 263*)—LIABILITIES OF STOCKHOLDERS—DEFICIENCY LIABILITY—FOREIGN CORPORATIONS.

The remedy meant by the rule, that where a foreign statute, which creates a liability of stockholders for corporate debts in excess of their subscription, also provides a remedy for enforcing such liability, such remedy is exclusive, is the remedy against a stockholder who is a resident of this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 831, 1065; Dec. Dig. § 263.*]

2. CORPORATIONS (§ 264*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—REMEDIES AGAINST STOCKHOLDERS IN FOREIGN CORPORATION—LIMITATIONS.

Since the obligation of stockholders to pay their proportionate share of a deficiency in assets is not fixed until demand for payment after a determination that the enforcement of their liability is necessary to pay corporate debts, the statute of limitations does not begin to run against an action to enforce such liability until such demand, the liability depending upon implied contract and not upon the statute imposing a double liability, so that Rev. St. Ohio 1908, § 4981, requiring an action upon a liability created by statute, other than a forfeiture or penalty, to be brought within six years, and making the statute begin to run from judgment of insolvency, would not apply to such an action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1084-1098, 2274; Dec. Dig. § 264;* Limitation of Actions, Cent. Dig. §§ 327-349.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. CONSTITUTIONAL LAW (§ 23\*)—REPEAL—RETROACTIVE OPERATION.**

A provision of the Ohio Constitution (Const. art. 13, § 3) imposing a double liability upon corporate stockholders was repealed; the repeal being effective November 23, 1903. Ohio Statutes (Rev. St. 1908, § 3258), relating to the amendment of the Revised Statutes of April 29, 1902 (95 Ohio Laws, p. 312), provided that the provisions of the section should not apply to stockholders in any corporation created after the 23d of November, 1903, or to any debts or liabilities of any corporation incurred thereafter, and as to all corporate liabilities incurred thereafter the stockholders shall be under no liabilities other than stated in Const. art. 13, § 3. *Held*, that the repeal of the constitutional provision did *not operate retroactively so as to affect the double liability of stockholders* of a Ohio corporation created before November 23, 1903, before which date all of its liabilities were incurred, and the corporation dissolved.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 20; Dec. Dig. § 23.\*]

Action by Leonard H. Shipman, as receiver of the F. Gray Company, against George C. Treadwell and another. Judgment for plaintiff.

See, also, 134 App. Div. 991, 119 N. Y. Supp. 1144.

Charles M. Stern (Andrew J. Nellis, of counsel), for plaintiff.

Tracey, Cooper & Townsend (James F. Tracey, of counsel), for defendants.

RUDD, J. The F. Gray Company, an Ohio corporation, became insolvent. The defendants were stockholders. The plaintiff, as receiver, brings this action to recover the proportion alleged to be due from these defendants of a deficiency in corporate assets, which money thus sought by the plaintiff to be recovered is to be used by the receiver in paying the corporate debts. The complaint sets forth a cause of action. 200 N. Y. 472, 93 N. E. 1104.

[1] Judge Werner, passing upon the issue raised by the demurrer interposed, said:

"It is doubtless the rule that, where a foreign statute which creates the liability of a stockholder also provides a remedy for the enforcement of that liability, such remedy is exclusive, and our courts will not intervene to enforce it. Lowry v. Inman, 46 N. Y. 119; Christensen v. Eno, 106 N. Y. 97 [12 N. E. 648, 60 Am. Rep. 429]; Howarth v. Angle, 162 N. Y. 179 [56 N. E. 489, 47 L. R. A. 725]. But it is also obvious that the remedy referred to in these cases is the remedy against the stockholder who is a resident of this state and a nonresident of the state which is the domicile of the corporation, for, if it were not so, no proceeding could be instituted against stockholders residing in the domicile of a corporation without cutting off any right of action against stockholders who reside outside of that domicile. The complaint herein does recite certain proceedings in the Ohio courts to which all the stockholders, including the defendants, were parties, but it is also set forth that the defendants were served by publication and did not appear in the foreign tribunal, so that as to them the proceedings there were in rem and not in personam. As to these defendants, the only remedy which seems to have been provided by the statutes of Ohio is the right of the court to authorize and direct the receiver to prosecute the stockholders' liability in other jurisdictions, and that is the precise remedy which the plaintiff is pursuing."

The allegations of the complaint have been proved, and it remains to examine the defenses set up by the defendants. These defenses are that the action is barred by the statutes of limitation of the state of Ohio; that, under section 4981 of the Ohio Statutes (1908) "an action upon a liability created by statute, other than a forfeiture or penalty, must be brought within six years, and that the statute begins to run from the judgment of insolvency." Also, that under section 3258a of the Ohio Statutes "an action upon the liability of stockholders can only be brought within eighteen months after the debt or obligation has become enforceable against stockholders." The corporation was adjudged insolvent in December, 1900. An action brought by the Sharon National Bank, in which all creditors and stockholders, as well as the corporation and its receiver were made parties, was commenced in 1901, and judgment was entered in that action in May, 1907, adjudicating the amount of deficiency existing which must be assessed against the stockholders under their liability. An order was entered in that action October 5, 1908, directing the receiver to bring this action, and the action here under consideration was brought in December, 1908. It was only, therefore, in May, 1907, that it was determined as to the amount of the liability of the defendants, if any, as stockholders in the insolvent corporation. The amount thus determined was the proportionate or ratable share which these defendants as stockholders were required to pay in order to make up the deficiency which existed in the amount in the hands of the receiver to enable him to pay the corporate debts.

[2] In Southworth v. Morgan, 143 App. Div. 648, 128 N. Y. Supp. 196, it was held that the obligation of stockholders to pay does not become complete until the call or demand for payment, and that the statute of limitations does not begin to run until such call or demand. Counsel for defendant endeavors to distinguish this authority from the case under consideration for the reason that the Southworth Case was a "case of recovery of unpaid balance of a subscription of stock issued for less than par." Very true, but in the Southworth Case, Justice Spring, quoting from Howarth v. Angle, 162 N. Y. 187, 56 N. E. 492, 47 L. R. A. 725, said:

"While the liability is, for convenience, frequently called statutory, because the statute, which is the constitution of the bank, affixed the obligation to the ownership of stock, it is in fact contractual, and springs from an implied promise. There is no substantial difference between the liability for an unpaid balance on a stock subscription, which is an express contract to take stock and pay for it (Stoddard v. Lum, 159 N. Y. 265 [53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541]), and the liability for the unpaid deficiency of assets assumed by the act of becoming a member of the corporation through the purchase of stock, from which a contract is implied to perform the statutory conditions upon which stock may be owned."

The liability here depends, not upon the statute, but upon the contract. That contractual relation was created between the defendants when they became stockholders of the corporation under the laws of the state of Ohio, and the creditors of that corporation, and this action is brought to enforce that contract. The corporation, as above stated, was dissolved in 1900. A receiver was appointed in 1901. A second receiver qualified in 1902. A third receiver was appointed.

A fourth receiver, the plaintiff, qualified on the 6th day of May, 1907, and it was determined in the action in which he was appointed receiver that under the laws of Ohio the defendants were liable as stockholders in the defunct corporation, and the plaintiff was ordered by the court to prosecute that liability, if necessary, in other jurisdictions. This clearly is not an action within the contemplation of the six-year statute of limitations of Ohio. Until the judgment entered in the Sharon Bank Case in May, 1907, it had not been determined how much of the stockholder's double liability was required to be paid by these defendants, in order to pay the claims of the creditors of the bankrupt company and to meet the expenses of administration.

In Glenn v. Liggett, 135 U. S. 546, 10 Sup. Ct. 871, 34 L. Ed. 262, it was held:

"That the obligation of a stockholder in an insolvent corporation to contribute towards the payment of its debts does not become complete until a call or demand for payment, and the statute of limitations does not begin to run in his favor until such call."

When these defendants became stockholders, they assumed under the Constitution and the Statutes of Ohio a double stock liability to the creditors of the concern. They contracted each to pay his proportion to the extent of $100 in addition to each $100 of stock by him subscribed. The amount thus to be realized to the creditors of the company, if necessary, from the stockholders' double liability, is not an asset of the corporation until all other assets have been realized and applied to the payment of the company's debts. Until it had been determined in the judicial proceeding in which these defendants and all other stockholders were parties that all of the assets of the corporation then realized had been devoted to the payment of its debts, and that under the double liability these defendants and other shareholders were liable each to contribute his proportionate share necessary to pay the debts of the concern, no action could be brought asking the relief here sought. These defendants were parties to the action instituted in Ohio by the Sharon National Bank, they were in default, they did not set up the statute of limitations in that action, and I fear it cannot now be relied upon. In the case of McNutt v. Bakewell, 223 Pa. 364, 72 Atl. 639, which was an action brought upon a foreign judgment, which judgment was entered in an action brought by the service of process by publication, it was held that:

"Where a new liability is created by statute to be enforced only within a given period, the time within which suit must be brought operates as a limitation of the liability, and not merely as a limitation of the remedy, and the limitation is operative in any jurisdiction where it is sought to enforce the cause of action."

In the case last cited, however, the corporation was adjudged insolvent and a receiver appointed in November, 1897, and the attempt to bring in the defendant by publication was made in January, 1904, and the action was brought in Pennsylvania in 1906, and then, too, the action was upon a statutory liability. It does not seem that such a situation is what we are here considering. Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725, Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541, and

Stone v. Railway, 197 N. Y. 279, 90 N. E. 843, 134 Am. St. Rep. 879, seem to sustain the theory that the stockholders' liability depends not upon the statute, but upon an implied contract.

[3] The defendants also rely in the defense to this action upon the repeal of the Ohio constitutional provision (Const. art. 13, § 3), which repeal took effect November 23, 1903, relating to the double liability of stockholders in corporations. By the Statutes of Ohio (Rev. St. 1908, § 3258) introduced in evidence relating evidently to the amendment of the Revised Statutes of April 29, 1902 (95 Ohio Laws, p. 312), it is provided:

"That the above provisions of this section shall not apply to stockholders in any corporation created after the 23rd of November, 1903, nor shall it apply to any debts or liabilities of any corporation incurred after said date; and as to all debts and liabilities of corporations for profit incurred after said date, the stockholders of said corporations, shall be under no liabilities other than those stated in article XIII, sec. 3 of the Constitution of Ohio."

The amendment of the Constitution, therefore, it would seem was intended to apply only to corporations created after the time when the amendment to the Constitution took effect. The corporation here under consideration was created prior to that time, and all of its liabilities were incurred, and, in fact, the corporation had been dissolved before the constitutional amendment. It cannot have under the circumstances a retroactive effect. The courts of Ohio have decreed the liability of these defendants, fixing the amount. They have appointed a receiver to prosecute such claim in this jurisdiction. No defenses are interposed save those to which reference has been given —one, as to the statutes of limitation; the other, that the double liability of the stockholders has been canceled by the amendment to the Constitution of the state of Ohio. In my opinion neither of these defenses avail.

Judgment should therefore be entered in favor of the plaintiff and against the defendants for the relief demanded in the complaint.