FRANK C. TITUS, Respondent, *v.* NEVILLE J. BOOKER and Others, Appellants.

First Department, April 30, 1926.

Corporations — foreign corporation — stockholder's liability — action by creditor of foreign corporation against resident stockholders to recover amount of judgment against corporation — corporation has no assets and execution against it was returned unsatisfied — action is based on foreign statute providing that stockholder is liable, where assets of corporation are insufficient, to pay amount unpaid on stock — individual creditor cannot sue individual resident stockholders under said statute.

An individual creditor of a foreign corporation who has recovered judgment against the corporation and had an execution returned unsatisfied and who has been unsuccessful in supplementary proceedings in discovering assets, cannot maintain an action in this State against resident stockholders to recover the amount unpaid on the stock held by said stockholders, which action is based on a statutory liability imposed by the statute of the State in which the corporation was created, which provides that when the whole capital stock of the corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the balance remaining unpaid up to the par value of the share as fixed by the certificate of incorporation or such proportion thereof as may be necessary to satisfy the debts of the corporation.

APPEAL by the defendants, Neville J. Booker and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of June, 1925, denying defendants' motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and also on the ground that the court has no jurisdiction of the subject-matter.

*Kellogg, Emery, Inness-Brown & Cuthell* [*William R. Crawford, Jr.,* of counsel], for the appellant Dean Emery.

*Satterlee & Canfield* [*R. Randolph Hicks* of counsel; *Stephen H. Hammond* with him on the brief], for the appellants other than Dean Emery.

*Medina, Sherpick & McKee* [*Eugene A. Sherpick* of counsel], for the respondent.

CLARKE, P. J.   The complaint alleges a recovery by plaintiff's assignor in the Supreme Court in this State of a judgment against a corporation organized and existing under the laws of the State of Delaware of which the defendants are stockholders; the issuance of execution to the sheriff of New York county and return of the execution unsatisfied; that the officers of the corporation were examined in proceedings supplementary to execution, but revealed no assets, and that said judgment remains unsatisfied to the extent of $6,316.59; that the various stockholders named as defendants either paid no consideration whatever for their stock or paid but a small portion of the consideration fixed by the charter; the issuance of shares held by various defendants without consideration, and that the whole capital stock had not been paid in; and that the assets are insufficient to satisfy the claims of the creditors.   It further sets forth the following provisions of the Delaware Corporation Law:

" Sec. 20.   Stockholders Liability for Part Paid for Stock:— When the whole capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of the par value of such share as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company, in the case of stock without par value, this liability shall be limited to the unpaid balance of the consideration for which such stock was issued by the corporation, which said sum or proportion thereof may be recovered as provided for in Section 49 of this Chapter, after a writ of execution against the corporation has been returned unsatisfied, as provided for in Section 51 of this Chapter."

" Sec. 49.   Liability of Officers &c.; Actions for:— When the officers, directors or stockholders of any corporation organized under this Chapter shall be liable by the provisions of this Chapter to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action on the case against any one or more of them, and the declaration shall state the claim

against the corporation, and the ground on which the plaintiff expects to charge the defendants personally; or the person to whom they are liable may have his remedy by bill in Chancery." (See Delaware Revised Code [1915], chap. 65, §§ 20, 49; Delaware Laws of 1917, chap. 113, § 10, amdg. said § 20.)

The complaint further alleges that " under the sections of the laws of the State of Delaware quoted above and under the decisions of the courts of said State, the defendants and each of them are liable to this plaintiff under the facts herein alleged * * * for the difference between the sums paid by said defendants and each of them for the stock of said * * * [Company] owned by them and the par value of said stock and/or for such proportion of said difference as may be necessary to satisfy " the said unpaid judgment.

The question is whether or not the Supreme Court of this State has power to entertain an action under the respective statutes set forth to recover the value of the shares of stock either received by the holders without consideration or not paid for in full as required by the statutes of Delaware.

In *Knickerbocker Trust Co.* v. *Iselin* (109 App. Div. 688) the majority of this court attempted to distinguish *Marshall* v. *Sherman* (148 N. Y. 9), which held that, in a case brought by a foreign creditor of a Kansas corporation which was insolvent and had gone into the hands of a receiver, against a citizen of this State who was a stockholder in said corporation, under provisions of the Constitution and statutes of Kansas, which made the stockholder liable to the extent of the par value of his stock, " there is no reason why the plaintiff should be permitted to enforce his debt in this jurisdiction against a citizen of this State in a form of action different from that which a creditor of a domestic corporation may prosecute against a domestic stockholder. It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liability of stockholders. In such cases the liability must be enforced in equity in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and adjusted."

We cited *Whitman* v. *Oxford National Bank* (176 U. S. 559); *Howarth* v. *Angle* (162 N. Y. 179); *Richmond* v. *Irons* (121 U. S. 27, 55).

Mr. Justice MCLAUGHLIN wrote a dissenting opinion, with which Mr. Justice HOUGHTON concurred, saying: " The question presented

upon this appeal cannot in principle be distinguished, as it seems to me, from the principle involved in the decision in *Marshall* v. *Sherman* (148 N. Y. 9) and, therefore until the Court of Appeals overrules that decision it is binding upon this court. In *Howarth* v. *Angle* (162 N. Y. 179) the court did not overrule *Marshall* v. *Sherman* (*supra*), but simply pointed out the difference between the two cases. In the *Marshall* case the action was brought, as here, by a single creditor, and in the *Howarth* case by the receiver representing and for the benefit of all the creditors. When a corporation has become insolvent and a receiver has been appointed, it would seem that its assets ought to be marshalled and its liabilities ascertained, to the end that all creditors might be treated alike. It is a harsh rule which permits a single creditor who happens to know of a solvent stockholder in another State to commence an action in his own behalf against him to the end that he may get his pay, to the exclusion of all others. This, in *Marshall* v. *Sherman* (*supra*), the Court of Appeals held could not be done, and until that court changes its view on the subject, I do not see how an action of this character can be maintained."

Upon appeal the Court of Appeals (185 N. Y. 54) reversed this court.

The learned court at Special Term, in the case at bar, in its opinion said: " The case of *Marshall* v. *Sherman* (148 N. Y. p. 9), relied upon by the defendants, is a leading case on the subject of this action. The case itself, however, has been explained and modified by the controlling decisions in *Howarth* v. *Angle* (162 N. Y. p. 179) and *Shipman* v. *Treadwell* (200 N. Y. 472)."

That is clearly not the case. *Howarth* v. *Angle*, as pointed out in the dissenting opinion of Mr. Justice McLAUGHLIN (*supra*) was an action by the receiver, and the Court of Appeals puts its affirmance distinctly upon the ground that " the policy of the State is not contravened, for that policy requires the enforcement of the statutory liability of stockholders of insolvent corporations by an action, in the name of a receiver, to recover the proper proportion of the deficiency from each stockholder for the benefit of all the creditors." Further: " The comity which we expect to have extended to citizens of our State, we cannot, in justice, refuse to citizens of other States. State lines should not prevent justice from being done. Our courts should not close their doors to a receiver from another State, who comes here, armed with the title to a just claim against a citizen of this State and offers to establish by common-law evidence the liability of that citizen. * * * When the same result is attained in practically the same way as, under similar circumstances, would be attained

in the case of a domestic corporation, there is no reason for withholding that aid which is now afforded by the courts of almost all enlightened countries."

*Shipman* v. *Treadwell* (200 N. Y. 472) was likewise an action brought by a receiver to recover from stockholders within this State their equal and ratable proportion of a deficiency in corporate assets with which to pay the corporate debts. The Court of Appeals in terms based its decision upon *Howarth* v. *Angle* (*supra*).

From an examination of these cases we find a clearly defined rule laid down by the Court of Appeals, that in this class of litigation the courts of this State will not entertain an action by an individual for his own benefit to recover from the stockholders of a foreign corporation amounts claimed to be due on their personal liability for unpaid stock subscriptions, but that they will entertain actions by the receivers of foreign corporations for such sums, in which actions all the equities can be adjusted. If this policy is to be changed, it must be done by the court of last resort and not by an intermediate court which once unsuccessfully attempted to do so.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs to the appellants.

DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.