JACK WRIGHT, Plaintiff, *v.* MORRIS WEIL, Defendant.

Supreme Court, New York County, December 4, 1930.

---

* See, also, Laws of 1921, ·chap. 134; Laws of 1923, chap. 898, and Laws of 1930, chap. 789.— [REP.

*Maurice, Siemon & Kupfer* [*Charles Kupfer* of counsel], for the plaintiff.

*Frank & Wright* [*Harter F. Wright* of counsel], for the defendant.

CALLAHAN, J. Plaintiff brings this action on behalf of himself and other depositors of a South Carolina bank against defendant, a stockholder of said bank, to recover sum equal to the face amount of defendant's stock pursuant to the liability of such stockholder created by the Constitution and statutes of that State. In substance, these laws provide that such stockholders shall be liable to depositors in a sum equal to the amount of their stock over and above the face value thereof. It appears that the purpose of these statutes is to create a fund for the protection of all depositors, and the liability of stockholders in such cases is clearly intended to be shared by all stockholders proportionately to their holdings.

The complaint alleges that there are other depositors of this bank who are numerous and not residents of this State, and it is, therefore, impracticable to bring them all before the court. Plaintiff does not state the amount of his deposit in the bank. For all that appears it may be less than defendant's stock holdings. The complaint seeks the payment of the face amount of defendant's stock into court and asks that depositors who file claims may participate in the fund thus created. It thus appears that defendant may be called on to pay into court a sum greater than plaintiff's claim, with no other depositors in the State to share therein. Thus plaintiff might recover the whole of his claim herein, while other depositors would recover nothing. Again, other stockholders might contribute nothing to discharge plaintiff's claim. It, therefore, appears that full and complete justice could not be done to all the parties interested in this fund in this action by a non-resident plaintiff which, although normally brought on behalf of all depositors who might join, would not be available to such other depositors because of their foreign residence. In addition, such an action being brought against a single stockholder would not afford the defendant a protection against double liability or multiplicity of suits.

This suit, therefore, comes within the rule laid down in *Marshall* v. *Sherman* (148 N. Y. 9). In *Pacific Guano & Fertilizer Co.* v. *Opolinsky* (135 Misc. 265; affd., 228 App. Div. 769) the California statute under consideration provided a primary and individual liability of every stockholder to each creditor, and thus the administration of a fund was not involved. In *Howarth* v. *Angle* (162

N. Y. 179, 189) the action was brought by a receiver who stood in the position of assignee invested with all the rights of creditors, and it was held that the exact liability of the defendant could be ascertained without prejudice to his rights. While the present complaint may meet some of the objections noted by the Court of Appeals to the pleading in the case of *Marshall* v. *Sherman* (*supra*) it does not meet the essential one pointed out therein that such a statute, in order to amply protect the citizen of this State who is sued, should be enforced in an action in which all of the stockholders who are solvent should be joined, so that the equitable proportion of the debt which the defendant should pay could be ascertained and the fund involved equitably administered.

Complaint dismissed, with costs to defendant. Order signed.