PHILIP LEWIS et al., Respondents, *v.* HOME INSURANCE COMPANY, Appellant.

*Insurance — pleading — policies of fire insurance issued to warehouseman containing " trust and commission clause " — when real parties in interest may sue upon policies without joining warehouseman.*

*Lewis* v. *Home Ins. Co.*, 199 App. Div. 556, affirmed.

(Submitted May 31, 1922; decided July 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 20, 1922, which affirmed an order of Special Term granting plaintiff's motion for judgment upon the pleadings. The action is brought by the plaintiffs against the defendant on fire insurance policies issued by it to the Green River Distilling Company, Inc., and containing what is known as the " trust and commission " clause under which the plaintiffs claim. The defendant demurred to the complaint on three grounds: *First*, that the complaint does not state facts sufficient to constitute a cause of action; *second*, that, if the plaintiffs have any interest in the policies mentioned in the complaint, they have no legal capacity to sue, for the reason that the Green River Distilling Co., Inc., to which the policies were issued, and which is the insured named therein, is the proper party to maintain the action; and, *third*, that, if the plaintiffs have any interest in the policies in question, there is a defect of parties plaintiff, in that the Green River Distilling Co., Inc., is not made a party plaintiff.

The Appellate Division held that under the facts alleged in the complaint the plaintiffs were the true principals and the real parties in interest and had the right to sue upon the policies without joining the warehouseman to whom the policies were issued.

The following questions were certified:

" (1) Does the complaint herein state facts sufficient to constitute a cause of action?

" (2) Have the plaintiffs legal capacity to sue on the policies of insurance mentioned in the complaint or is the Green River Distilling Co., Inc., to which the said policies were issued, and which is the insured named therein, the proper party to maintain suit thereon?

" (3) Is there a defect of parties plaintiff in that the Green River Distilling Co., Inc., to which the said policies of insurance were issued, and which is the insured named therein, is not made a party plaintiff to this action? "

*Robert J. Fox* and *Robert P. Schur* for appellant.

*Edmund L. Mooney* and *John B. Johnston* for respondents.

Order affirmed, with costs; first question certified answered in the affirmative, third in the negative, second not answered; no opinion.

Concur: POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissent on ground of non-joinder of necessary parties plaintiff: HISCOCK, Ch. J., HOGAN and CARDOZO, JJ.