B. N. EXTON & Co., INC., Plaintiff, *v.* HOME FIRE AND MARINE INSURANCE COMPANY and Others, Defendants.

First Department, December 30, 1927.

Insurance — fire insurance — plaintiff's assignor delivered to warehouse certain paper which was rejected on ground that it was not quality purchased — warehouse agreed to hold paper until further direction from plaintiff's assignor — policy issued to warehouseman insured property " held in trust or on commission "— warehouse owner refused to include claim for loss of paper — insurance companies settled with warehouseman with knowledge of facts — policy covered paper and plaintiff may recover.

Plaintiff's assignor delivered certain paper to a warehouse in performance of a contract of sale, but it was rejected on the ground that it was not the quality purchased. The warehouseman agreed to hold the paper until further direction from the plaintiff's assignor, but before that was given the warehouse burned and the paper was destroyed. A policy of insurance issued to the warehouseman covered property of the insured " or held in trust or on commission," but the warehouseman refused to include in its claim of loss the loss of the paper and settled with the insurance companies for its own loss.

The policy held by the warehouseman covered the paper, for such a policy is not restricted in terms to goods held in trust in the strict sense but extends to common bailments.

The insurance companies having settled with the warehouseman with knowledge that the warehouseman had refused to include a claim for the loss of the paper are liable to the plaintiff for the amount of that loss and the plaintiff had the right to sue them to recover.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Robert Kelly Prentice* of counsel [*Prentice & Townsend,* attorneys], for the plaintiff.

*Edgar J. Nathan* of counsel [*Cardozo & Nathan,* attorneys], for the defendants.

MCAVOY, J.   Plaintiff and defendants submit this controversy which arose in respect to the application of proceeds of insurance policies on losses which occurred in a warehouse. A manufacturer of paper delivered to the owners of the warehouse nineteen rolls of paper which the warehouse owner and purchaser claimed was not the quality purchased and, therefore, rejected the paper. The Brown Company, assignors of plaintiff, agreed to cancel the purchase and requested the warehouseman to hold the merchandise in its place until further direction. The warehouse agreed to do so and while the paper was in its custody it was destroyed by fire

238   EXTON & CO., INC., *v.* HOME FIRE & MARINE INSURANCE CO.

First Department, December, 1927.                    [Vol. 222

in January, 1923, resulting in a loss to the owner of the paper. The broker for the paper manufacturers, plaintiff here, paid the loss to its customer and took an assignment of the paper manufacturer's claim. The warehousemen had not agreed expressly to become liable for the property in its warehouse, but would have been liable for negligence. This particular fire, however, is not alleged to have been caused by the negligence on the part of the warehouseman. The warehouseman held policies in the defendant companies to the aggregate amount of $61,000 which covered " the property of the assured or held in trust or cn commission, or sold but not delivered, or held on joint account with others, and also the property of others for which the assured may be or agree to become liable in case of loss or damage by fire."

The warehouse company lost property to the amount of over $55,000 by this fire. It claimed this amount, but would not include any claim for the lost merchandise of the paper manufacturer. The defendant insurance companies settled with the warehouseman for the amount of its loss, exclusive of the paper manufacturing company's loss, with knowledge of the facts. The Brown Company, the paper manufacturer, then, as heretofore stated, assigned its claim to the amount of its loss to this plaintiff.

The rule is established that a policy on goods held in trust or on commission will cover all the goods with which the party procuring the policy is intrusted. Such policy is not restricted in terms to goods held in trust in the strict sense, but extends to common bailments. The policy applies not only to the interest of the one who takes out the insurance but to the goods so held in trust or on commission by the bailee. This has been pointed out in the *Utica Canning Company* case decided in 1909 under the title of *Utica Canning Co.* v. *Home Ins. Co.* (132 App. Div. 420) and also in *Lewis* v. *Home Insurance Co.* (199 id. 556; affd., 234 N. Y. 498). Both of these authorities, although pronounced by divided courts, remain the law covering this question of liability of insurance companies to bailors on policies of insurance issued to the warehouseman or bailee with clauses as above set forth. The basic elements of these decisions are *firstly*, that a policy covering the property of the assured or that held in trust or on commission or sold, but not removed, is to be construed as covering the entire contents of the warehouse, and *secondly*, it is the rule that if a fire loss occurs under such policy and the warehouseman refuses to include the claim of any owner or bailor of goods which are destroyed and the insurance company settles with the warehouseman nominated as the assured in the policy with knowledge of the rights to coverage of the bailor of the goods destroyed, the bailor may sue the insurance company

directly. If there be ground for revision of this rule, which would forestall a suit by a bailor on a policy of insurance, which insures the bailee for goods in trust or on commission or sold but not removed, such revision may not be made without direction from the Court of Appeals in a decision of controlling effect. We find none.

We, therefore, direct judgment for the plaintiff for the amount demanded in the submission with interest thereon from the date of the demand, May 1, 1923, to be apportioned in accordance with the provisions of the policies of the defendants.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment directed for plaintiff for the amount demanded in the submission with interest from the date of the demand, May 1, 1923, to be apportioned in accordance with the provisions of the policies of the defendants. Settle order on notice.