RICHARD CURLEY, Respondent, *v.* JACOB RUPPERT, Appellant.

Supreme Court, Appellate Term, First Department, November 14, 1946.

*Robert T. Hawthorne* for appellant.

*James J. Leibman* for respondent.

EDER, J. The action was to recover damages for personal injuries sustained by the plaintiff, resulting from the explosion of a bottle of beer. The defendant is a manufacturer and distributor of this product. It delivered five cases of bottled beer to a grocery store where plaintiff was employed; three days later the plaintiff proceeded to transfer the bottles to a frigidaire; as he was placing the sixteenth bottle into the refrigerator, it exploded and injured him. In the interval from the time that the bottles were delivered and up to the time that the plaintiff proceeded to place them in the refrigerator, they remained in the back of the store where the defendant's driver had placed them, and during this period they were never touched by anyone.

The defendant offered no testimony but rested on plaintiff's case. The jury returned a verdict for plaintiff.

The defendant seeks reversal of the judgment, contending that the plaintiff failed to establish any actionable negligence, in this connection it is urged that the *res ipsa loquitur* rule did not apply, as it appears that at the time of the alleged explosion the five cases of bottled beer were in the possession and control of the plaintiff and his employer, the same having been delivered some three days prior to the date of the alleged accident; and appellant solicits attention to its claim that in the bottle explosion cases where the defendant has been held liable "the reason for the explosion is not left to guess, conjecture or surmise or to some reason for which the defendant is not responsible. In each case there was expert testimony that there was a defect in the bottle which could have been discovered by proper inspection, together with the fact that with such defect a definite pressure on the bottle might and could explode it.

"In the instant case there is no evidence, competent or otherwise, to sustain any claim of negligence against the defendant." In the case at bar there was no evidence by expert testimony offered by plaintiff as to the condition of the bottle or as to the cause of the explosion, and the question is whether, upon the

facts stated, the jury were authorized to find that defendant was negligent.

It is true that in many of the cases reported it appears that there was testimony by experts as to the condition of the bottle and as to the cause of the explosion, but I do not find that this type of proof is indispensable. In my opinion, upon the facts proved in the case at bar, the bursting of the bottle was prima facie evidence of negligence  This was the view taken in *Willey* v. *Mynderse* (165 App. Div. 620) though it appears that in that case there was testimony given by experts.  But it was not ruled that expert testimony is indispensable.

I am rather inclined to the view taken in *MacPherson* v. *Canada Dry Ginger Ale, Inc.* (129 N. J. L. 365).  In that case a recovery by plaintiff upon a comparable state of facts was affirmed.  There, the plaintiff was employed in a confectionery store in which the defendant's product was sold.  A six-ounce bottle of ginger ale burst, cutting her hand; her duties were to clean the cooler and refill it with bottles and ice; this she had done on the morning of the accident.  When about to put other bottles in place, she lifted the lid and a bottle placed there in the morning exploded.  While in the instant case no proof was made by the defendant, in that case the defendant's proofs were to the effect that due care was observed in the testing of the tensile strength of all bottles in which its product was bottled for sale.

The plaintiff there relied on and contended that the doctrine of *res ipsa loquitur* applied, citing *Taylor* v. *Berner* (7 N. J. Mis. Rep. 597).  In the *Taylor* case (*supra*) the plaintiff sued to recover damages for injuries received from the explosion of a bottle containing vichy which had been sold and delivered to the plaintiff's employer by the defendant.  While not the manufacturer of the vichy, the defendant was engaged in the bottling business, and as part of such business had filled the bottle, which, on the occasion in question, exploded.  The plaintiff's proofs established this and nothing more.  At the conclusion of plaintiff's case the defendant moved for a nonsuit, that there was no proof of negligence; the motion was denied; it was renewed at the conclusion of the entire case and again denied. On appeal it was contended that the rulings on these motions were erroneous; also that the charge to the jury was prejudicial to the defendant.  The judgment was affirmed.  In holding that the rule of *res ipsa loquitur* was applicable, the court said (p. 598): " The refusal of the motions for nonsuit and the motions for the direction of verdicts for the defendant were

properly refused. The defendant, as a bottler, was obliged to use reasonable care in the filling of the bottle of vichy. With the exercise of reasonable care it is obvious that an explosion, such as here occurred, does not ordinarily result. This being true, we think the rule of *res ipsa loquitur* applied, and that it was permissible for the jury to infer from the occurrence of the explosion want of such reasonable care.''

Upon further appeal to the Court of Errors and Appeals (106 N. J. L. 469) a reversal ensued, but on other grounds, but it expressly concurred in the finding that the rule of *res ipsa loquitur* applied (p. 470). (See, to like effect, *Dunn* v. *Hoffman Beverage Co.*, 126 N. J. L. 556, 560.) It appears that in the *Taylor* case (*supra*) the proofs showed that the vichy bottle which exploded was one contained in a case delivered that morning and placed in the kitchen where the plaintiff worked, by the defendant's employee; that when she went to pick out a bottle it exploded in her hand; that nothing had transpired which could in any way have disturbed the condition which existed when the producer made delivery (*MacPherson* case, *supra*, p. 366).

In the *MacPherson* case (*supra*) the testimony showed that none but the proprietor of the business and the employee had access to the storage room after delivery of the product. The court held the case was one of fact, that the trier of the facts was at liberty to accept the testimony of due care in subsequent handling and rest a verdict thereon.

In the *Dunn* case (*supra*) in holding that the rule of *res ipsa loquitur* was not applicable, the court pointed out that there was no proof to show that the condition of the bottle and its contents had not changed from the time it was delivered to the retailer to the time of its explosion (p. 562).

This fact is given due weight in holding the rule of *res ipsa loquitur* to be applicable. It results from a process of elimination — the fact that the contents of the bottle were manufactured by and placed in the bottle by the defendant and that there has been shown a freedom of fault on the part of all through whose hands the bottle passed after it left the bottler up to the time of the explosion; that when the bottle exploded someone was negligent and someone is prima facie to blame, and that upon such a state of facts the blame ought inferentially to be fastened on the one who set the dangerous agency in motion and to require of him an explanation of the occurrence (*Stolle* v. *Anheuser-Busch*, 307 Mo. 520; *Payne* v. *Rome Coca-Cola Co.*, 10 Ga. App. 762).

Another point is made that the court erred in refusing to charge the following request: " Mr. Hawthorne: I ask your Honor to say to the jury that they may not infer any negligence on the part of the defendant by reason of the happening of this accident.

" The Court : Request denied, except as charged in the main charge.

" Mr. Hawthorne : Exception."

There was no error in refusing this request. The court had previously charged the jury that before a verdict could be returned for plaintiff they must find from the evidence that there was negligence on the part of the defendant, that the bottle was in a defective condition when delivered, that the defect caused the explosion, so that the request was surplusage. Moreover, there was no refusal in the true sense, as that feature had already been charged and the request was denied, " except as charged in the main charge ".

Plaintiff's evidence made out a prima facie case of negligence, and in the absence of evidence in contradiction or explanation of the occurrence, the jury were authorized to find for plaintiff.

The judgment should be affirmed, with costs, with leave to appeal to the Appellate Division.

McLaughlin, J. (dissenting). After the defendant delivered five cases of bottled beer to the grocery store in which plaintiff was employed, these cases remained in the store for three days at which time the plaintiff proceeded to transfer the bottles to a refrigerator, and while occupied in so doing, one of the bottles exploded and injured him. There was testimony to the effect that during the three-day period these bottles had remained in the back of the store, where defendant's driver had placed them, and that they had not been touched by anyone.

On the evidence in this case the judgment should be reversed. The law seems to have been settled by the Court of Appeals that in an explosion case such as this, the doctrine of *res ipsa loquitur* does not apply. This court had held to that effect (*Migden* v. *Schoneberger & Noble, Inc.*, N. Y. L. J., July 5, 1935, p. 44, col. 2, citing *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292). Aside from this, our highest court has made it very clear that negligence must be proved and will not be presumed in explosion cases (*Reiss* v. *New York Steam Co.*, 128 N. Y. 103; *Piehl* v. *Albany Railway*, 30 App. Div. 166, affd. 162 N. Y. 617; *Losee* v. *Buchanan*, 51 N. Y. 476).

It would, therefore, seem that this court may not examine the question anew and come to a different conclusion based in part upon decisions of the courts of other jurisdictions. If there is to be any change in the law, that is a matter for the Court of Appeals to decide or for the Legislature to change by enactment of a different rule. Since the law would not seem to have been changed by the Court of Appeals nor the Legislature, the question is not open for examination by this court. We must follow the Court of Appeals even though there is authority to the contrary in sister States (*Titus* v. *Booker*, 216 App. Div. 608, 612; *Exton & Co., Inc.*, v. *Home Fire & Marine Insurance Co.*, 222 App. Div. 237, 239; *Petry* v. *Petry*, 186 App. Div. 738, 748; *Matter of Tod*, 85 Misc. 298, 304).

Assuming that the rule of *res ipsa loquitur* could apply to an explosion case such as this, it is not applicable to the present case since the bottle which exploded was not under the exclusive control of the defendant at the time of the accident (*Massa* v. *Nippon Yusen Kaisha*, 264 N. Y. 283; *Slater* v. *Barnes*, 241 N. Y. 284; *Sandler* v. *Garrison*, 249 N. Y. 236). The bottle of beer which exploded had been in the store of plaintiff's employer for three days prior to the accident. The claim that no one touched the bottle during the period it was in the store is not sufficient to place liability upon the defendant. Exclusive and complete control by the defendant of the bottle must be shown. It was not shown here and the doctrine of *res ipsa loquitur,* therefore, may not be applied.

The judgment should be reversed and the complaint dismissed.

HECHT, J., concurs with EDER, J.; McLAUGHLIN, J., dissents in opinion.

Judgment affirmed.