■ MURRAY OIL PRODUCTS, INC., Respondent, v. ROYAL EXCHANGE ASSURANCE COMPANY, Appellant.

Concur — Botein, P. J., Stevens, Capozzoli and Rabin, JJ.; McNally, J., dissents in the following memorandum: The judgment herein should be affirmed. The action is on a policy of insurance issued by defendant to plaintiff's warehouseman, Harbor Tank Storage Co., Inc. (Harbor). The original issue was for the period December 31, 1961, to December 31, 1962. It was renewed for the following year. Its coverage is " against physical loss * * * arising from, through, or in connection with the Assured's legal liability, as warehouseman, or bailees * * * in respect of oils and similar commodities the property of others under their control and/or in their care, custody or possession and for which they may be legally liable in anyway * * *. This policy covers continuously from the time the Assured has any liability in respect to the above described property and covers continuously thereafter until their liability shall have ceased." There are a number of exclusions, none of which is here applicable. The evidence established and there are implicit in the verdict for the plaintiff the following facts: On November 20, 1963, plaintiff delivered to Harbor, subject to plaintiff's order, 300,600 pounds of tung oil, which was pumped into Harbor's tank number 18. In December, 1963, Harbor became insolvent. 69,457 out of the original 300,600 pounds of tung oil have not been returned to plaintiff after due demand. Harbor's failure to return said 69,457 pounds constitutes conversion on the part of Harbor. (*Procter & Gamble Distr. Co. v. Lawrence Amer. Field Warehousing Corp.,* 16 N Y 2d 344.) The gist of appellant's legal argument is stated in its brief as follows: " the policy does not insure Harbor Tank against its own conversion. * * * " Appellant is in error. The policy unambiguously covers Harbor's " legal liability as warehouseman, or bailees ". Physical delivery of the oil to Harbor within the policy period is indisputable. Harbor's failure to return the 69,457 pounds of oil is a " physical loss " within the meaning of the policy. It was so held in *National Dairy Prods. Corp.* v. *Insurance Co. of North America,* (24 A D 2d 955, affd. 18 N Y 2d 657). There the policy covered " all risks of physical loss." Here the coverage is " against physical loss " arising from " Assured's legal liability, as warehouseman ". Despite the uncontradicted proof of physical loss, defendant had the benefit of a charge enabling the jury to consider the evidence of shortages antedating Harbor's receipt of plaintiff's oil on the issue of physical loss. The record includes evidence of alleged shortages on the part of Harbor antedating its receipt of plaintiff's oil. This seems to suggest a possible cause for Harbor's conversion of plaintiff's oil; it does not disprove the fact of conversion. The trial court properly ruled that defendant failed to establish fraud

in the inducement of the insurance. There were no representations by Harbor to defendant. Moreover, Harbor was under no duty to disclose to defendant its inventory records and tank gauge readings. (*Stecker* v. *American Home Fire Assur. Co.*, 299 N. Y. 1, 8.) Paragraph numbered "10" of defendant's policy provides for direct liability to a claimant such as plaintiff in the event of Harbor's insolvency or bankruptcy. In the light of this provision, plaintiff is entitled to prosecute this action on the policy. (*Lewis* v. *Home Ins. Co.*, 199 App. Div. 556, affd. 234 N. Y. 498.)