■ WOMETCO HOME THEATRE, INC., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant — Order, Supreme Court, New York County (A. E. Blyn, J.), entered March 11, 1983 denying defendant's motion for summary judgment, is unanimously reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted, with costs.

The action is on an all-risk floater policy insuring certain "decoder boxes" (for decoding scrambled television signals). The boxes were the property of plaintiff Wometco and were in the custody and control of a company called State Line Communications Corp. The policy named State Line as the "Named Insured." The loss payable clause of the policy provided: "Loss, if any, shall be adjusted with the Insured and shall be payable to the Insured and (1) WOMETHCO [sic] HOME THEATRE, INC., (2) ON SUBSCRIPTION TV, INC. as their interests may appear." The policy provided that no suit should be sustainable on the policy unless commenced within 12 months "next after discovery *by the Insured* of the occurrence which gives rise to the claim." (Emphasis added.) The action was in fact commenced 13 months after the discovery of the loss by State Line. The action by plaintiff, the loss payee, is barred by that delay. In the absence of a provision that the insurance policy shall not be invalidated by any act or neglect of the insured (cf. *Syracuse Sav. Bank v Yorkshire Ins. Co.,* 301 NY 403, 407), a "loss payee" is not itself an insured under the policy; it is merely the designated person to whom the loss is to be paid. It is established that such a loss payee may only recover if the insured could have recovered. (*Grosvenor v Atlantic Fire Ins. Co.,* 17 NY 391, 395; *Murray Oil Prods. v Royal Exch. Assur. Co.,* 28 AD2d 839, 840, revd on other grounds, 21 NY2d 440.) Nothing in the conduct of defendant insurance company can be deemed to have waived the 12-month limitation, or to have misled or lulled plaintiff into inactivity so as to estop the insurer from asserting the 12-month limitation. Concur — Sandler, J. P., Silverman, Bloom, Fein and Alexander, JJ.