968 F.2d 1478
 Howard RESSLER, As assignee for the benefit of the creditors
of Italgold Jewelry Creations, aka Italgold Jewelry
Creations Co., Italgold Jewelry Creations, Inc., and Diamond
Jewelry Marketing, Inc., aka DJM Diamond Jewelry Marketing,
and DJM; Bernard Lesser, individually, and as partner of
Italgold Jewelry Creations; Nisan Lesser, individually, and
as partner of Italgold Jewelry Creations, dba Nisan Leser
Diamond Co. and N. Leser Diamond Co., M Int. Ltd., fka
Majorca International Limited, Plaintiffs,
Fleet National Bank, Plaintiff-Appellant,
Michael Anthony Jewelers, Inc., Plaintiff-Intervenor,
v.
Michael John WHITE, individually, and in his representative
capacity as leading underwriter on behalf of Those Certain
Underwriters at Lloyd's subscribing to contract of insurance
reflected by cover/debit note # 243379700; Nicholas Collwyn
Sturge, individually, and in his representative capacity as
leading underwriter on behalf of Those Certain Underwriters
at Lloyd's subscribing to Contract of Insurance reflected by
cover/debit note # 243383000, Defendants-Appellees.
 No. 1536, Docket 92-7048.
 United States Court of Appeals,
Second Circuit.
 Argued May 18, 1992.
Decided May 29, 1992.
 
 Alfred R. Paliani, New York City (Edwards & Angell, Susan S. Egan, Margaret A. Schwarz, of counsel), for plaintiff-appellant.
 Daniel J. Friedman, New York City (Abrams & Martin, P.C., Margaret C. DiCicco, Allen A. Kolber, of counsel), for defendants-appellees.
 Before: PRATT, ALTIMARI, Circuit Judges, and DANIEL M. FRIEDMAN, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal was originally heard on May 18, 1992, and decided by a detailed written order dated May 29, 1992. Since the summary disposition has no precedential value under our local rule § 0.23, appellees' counsel has moved for publication of the order so that it can be relied upon in other, similar cases. Accordingly, we have decided to repeat the substance of our May 29 order in this opinion, which will be published.
 
 
 2
 This appeal from a judgment of the United States District Court for the Southern District of New York, John E. Sprizzo, Judge, came on to be heard on the transcript of record, and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, it is now ordered, adjudged, and decreed that the judgment appealed from is hereby affirmed.
 
 
 4
 Fleet National Bank (Fleet) appeals from a judgment dismissing its claim against White and Sturge, lead underwriters for the Lloyd's insurance policies covering Italgold. Fleet claims the trial court's jury instructions had the effect of incorrectly requiring Fleet and Italgold to prove that a robbery, and not a sham, inside transaction, caused Italgold's loss of 7 million dollars worth of gold bullion and jewelry. We discern no error in the jury instructions which must be read, not in isolation, but as a whole. See, e.g., United States v. Scheibel, 870 F.2d 818, 822 (2d Cir.1989); United States v. O'Grady, 742 F.2d 682, 703 (2d Cir.1984). One instruction correctly stated that the plaintiffs had the burden to establish by a preponderance of the evidence each element of the claim, including that it had suffered a "fortuitous loss". Another instruction correctly informed the jury of the defendant's burden to prove by clear and convincing evidence that the "robbery" was a sham. Viewing these instructions and the jury's answers to the first two special verdicts together, we think it apparent that the jury decided that there was only a staged robbery here, and therefore no loss to the insured.
 
 
 5
 Like the district court, we find no language in either insurance policy to establish that Fleet had any status other than as loss payee. The Fleet/Italgold consignment agreement requires Italgold to list Fleet as "loss payee", and the Lloyd's policies accordingly list Fleet as such--not as an insured. Other provisions of the policies relied on by Fleet are not persuasive.
 
 
 6
 As loss payee, Fleet has no greater rights than Italgold. See, e.g., Wometco Home Theatre, Inc. v. Lumbermens Mut. Cas. Co., 97 A.D.2d 715, 468 N.Y.S.2d 625, 626 (N.Y.App.Div.1983), aff'd, 62 N.Y.2d 614, 476 N.Y.S.2d 116, 464 N.E.2d 484 (1984) ("a 'loss payee' is not itself an insured under the policy; it is merely the designated person to whom the loss is to be paid. * * * [A] loss payee may only recover if the insured could have recovered"); Murray Oil Products, Inc. v. Royal Exch. Assurance Co., 28 A.D.2d 839, 281 N.Y.S.2d 533, 535 (N.Y.App.Div.1967) ("[p]laintiff was at best, a loss payee and could recover only if [the insured] could have recovered), rev'd on other grounds, 21 N.Y.2d 440, 288 N.Y.S.2d 618, 235 N.E.2d 762 (1968); Wells Fargo Bank Int'l Corp. v. London Steamship Owners' Mut. Ins. Ass'n, 408 F.Supp. 626, 629-30 (S.D.N.Y.1976) (loss payee accorded no greater rights than those of its insured). Thus, the jury's conclusion that the "robbery" was a sham precluded not only the insureds' but also Fleet's recovery under the terms of the policy.
 
 
 7
 Finally, the district court did not abuse its discretion in declining to hold that the judgment in Golden Door collaterally estopped White and Sturge from denying their liability to Fleet under the Lloyd's block jeweller's policy. See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters, 748 F.Supp. 1529 (S.D.Fla.1990), modified, 758 F.Supp. 708 (S.D.Fla.1991). Fleet did not establish that the parties are identical; the loss payee clauses in the respective insurance policies differ significantly; and the Golden Door decision seems contrary to the trend of New York law. The district court was within its discretion to hold that Golden Door rested on the unique circumstances before that court.
 
 
 8
 We have considered Fleet's other claims and find them without merit.