104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
6247 ATLAS CORP.; Merchants Bank of New York,
Plaintiffs-Counter-Defendants-Appellants,
v.
THREADNEEDLE INSURANCE CO., LTD., A A/C; Henry Raymond, An
Underwriter at Lloyd's London, on behalf of himself and all
those other Lloyd's Underwriters subscribing to policy of
Insurance Number 4S/00723/91; Marine Insurance Company,
Ltd.; the Threadneedle Insurance Co., Ltd.; Indemnity
Marine Insurance Company, Ltd; Norwich Union Fire Insurance
Society, Ltd. No. 1 A/C; Norwich Union Fire Insurance
Society Ltd.; Sovereign Marine and General Insurance Ltd.
of London; Tokio Marine & Fire Insurance Co.; Taisho
Marine & Fire Insurance Co., (U.K.) Ltd.; Storebrand
Insurance Company., (U.K.) Ltd., Defendants-Intervenors-Appellees,
DIACORD, INC.; Zedco; Kelso Diamond Co. Inc.; Josef Chai
Corp.; Eknam Diamond, Inc.; Kothari Gems; Sancy Trading
N.Y., Inc.; Shimon Wernon; Dov Fastag, Inc., also known as
Pavillion, Inc.; M & A Diamon; Hamid Sedashut; Roy Herzl,
Inc.; D. Navichandra & Co.; Isaac Waldman; T & T
Diamonds; Yohai Haim; J. Shree Corp.; Michael Hezkia Co.,
Inc.; Royal Diamint, Inc.; Krisha Gems; Solomon Lipshutz;
Statewide Imports, Inc.; Impex Diamond Corp.; Occidental
Gems; Isaac Klein; M & A Fancies Co., Inc.; Aron
Knobloch, Inc.; Samet & Shine Diamond Co.; Orient Stones &
Minerals, Inc.; Gordon J. Bares, Inc.; Gregric Diamonds;
E.M. Shoreman; Previous Trade, Inc.; Diety Gem; L.I.D.,
Israel; All-Shape Diamond, Inc., Intervenor-Plaintiffs.
 No. 96-7501.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 APPEARING FOR APPELLANTS: Edward A. Keane, Mahoney & Keane, New York, New York.
 APPEARING FOR APPELLEES: Daniel J. Friedman, Abrams & Martin, P.C., New York, New York.
 Before LUMBARD, OAKES and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiffs-appellants 6247 Atlas Corp. ("Atlas") and the Merchants Bank of New York ("Merchants") appeal from a judgment entered March 26, 1996 in the United States District Court for the Southern District of New York that granted summary judgment dismissing their complaint. Plaintiffs-appellants seek in this action to recover under applicable insurance policies for a burglary committed against Atlas, a Manhattan dealer in precious stones, metals, and jewelry. Merchants, a secured creditor of Atlas, is a "loss payee" under Atlas' insurance policies. The district court ruled that under New York law, which applies in this diversity case, plaintiffs-appellants were barred from recovery by Atlas' failure to comply with a provision of its insurance policies that required it to "keep detailed records of all sales, purchases and other transactions."
 
 
 4
 2. We affirm substantially for the reasons stated in the opinion of the district court. See 6247 Atlas Corp. v. Marine Ins. Co., 923 F.Supp. 523 (S.D.N.Y.1996). Merchants presents on appeal, however, one argument that is not addressed in the district court's opinion. Merchants argues that language in the "loss payee" clause stating that "loss shall be payable as interest shall be" to Merchants renders Merchants a separate insured under the contract, and that Atlas' breach therefore does not preclude Merchants' recovery under the policy. This position was rejected in Wometco Home Theatre, Inc. v. Lumberman's Mutual Casualty Co., 97 A.D.2d 715, 716, 468 N.Y.S.2d 625, 626 (1st Dep't 1983) (mem.), aff'd, 62 N.Y.2d 614, 476 N.Y.S.2d 116 (1984) (affirming "for the reasons stated in the memorandum at the Appellate Division"). The Appellate Division ruled in Wometco that "[i]n the absence of a provision that the insurance policy shall not be invalidated by any act or neglect of the insured, a 'loss payee' is not itself an insured under the policy; it is merely the designated person to whom the loss is to be paid." Id. (citation omitted); see also Ressler v. White, 968 F.2d 1478, 1479 (2d Cir.1992) (per curiam). A loss payee stands in the place of the insured, and, absent an express provision to the contrary, cannot recover under the policy if the insured could not have recovered. See Ressler, 968 F.2d at 1479-80 (collecting cases); Wometco, 97 A.D.2d at 716, 468 N.Y.S.2d at 626 (collecting cases.)